Cureton v. Cureton.

KATHERINE CURETON, by Next Friend, *v.* W. W.
CURETON.

(*Knoxville.* September Term, 1906.)

1. **HUSBAND AND WIFE.** **Chancery jurisdiction to grant
separate maintenance to wife, without application for di-
vorce, when.**

The chancery court has inherent power, independent of statute,
to grant a wife a separate maintenance out of her husband's
estate, because of his abandonment of her, or for his fail-
ure to provide, or for other breaches of marital duty, whereby
she is forced to withdraw from his home and custody, in
cases where no application for divorce is maade. (*Post, pp.*
105-109.)

Code cited and construed: Secs. 4220, 4221 (S.); secs. 3324, 3325
(M. & V.); secs. 2467, 2468 (T. & S. and 1858).

Cases cited and approved: Nicely v. Nicely, 3 Head, 184; Swan
v. Harrison, 2 Cold., 541-544; Corley v. Corley, 8 Baxt., 7, 10.

2. **SAME.** **Same.** **Bill for separate maintenance by a resi-
dent for less than two years is sufficient, though it shows
ground for divorce, with divorce affidavit attached.**

Where a wife's bill for separate maintenance showed that she
had come from another State and had been a resident of this
State less than two years, and disclaimed any purpose to sue
for a divorce, but asserted a purpose only to claim a separate
maintenance, it is immaterial that the affidavit required in
divorce cases was attached to the bill, and that the bill stated
facts which, if proved, would have authorized a decree for
divorce for cruel and inhuman treatment and failure to pro-
vide, as authorized by statute. (*Post, pp.* 107-111.)

Code cited and construed: Secs. 4202, 4203, 4220, 4221 (S.);
secs. 3307, 3308, 3324, 3325 (M. & V.); secs. 2449, 2450, 2467,
2468 (T. & S. and 1858).

Cases cited and approved: Corley v. Corley, 8 Baxt., 7, 10;
Harrison v. Harrison, 20 Ala., 629.

Cureton v. Cureton.

3. **SAME.** Same. Same. Bill for separate maintenance is maintainable by wife recently returning to this State, when.

The wife in a suit for separate maintenance will not be denied relief on the ground that she had been a resident of this State only fifteen or twenty days when the bill was filed, where she formerly resided here, and was married here, and removed with her husband to another State, and resided there about a year, when she was forced to return to this State, because of his abandonment, ill treatment, and failure to provide for her. (*Post, pp.* 107-111.)

4. **SAME.** Custody of young children may be awarded to the wife in her suit for separate maintenance, when; open for future disposition.

In the wife's suit for separate maintenance because of abandonment, and cruel and inhuman treatment, it is proper to award the custody of young children of the age of two and four years, respectively, to her, with proper provision for the husband to see them and to have them with him at stated times; and this order as to custody should be held within the control of the chancellor, for future orders conducive to the interest of the children. (*Post, p.* 111.)

5. **SAME.** Decree for separate maintenance of the wife requiring monthly payments should provide for discretionary continuance until when.

A decree for the separate maintenance of the wife, requiring the husband to pay monthly sums therefor, should provide for the continuance of such payments within the discretion of the chancellor only until a reconciliation should be effected between the husband and wife, and until the husband should return to the discharge of his marital duties. (*Post, pp.* 109-113.)

6. **SAME.** Decree permitting one parent to remove beyond the State young children whose custody is awarded to the other is improper.

Where a decree for separate maintenance awarded the custody of young children to the wife and mother, a provision in the de-

Cureton v. Cureton.

cree permitting the husband and father to take the children out of the State on executing a bond for their return was improper, because it authorized a removal of the children beyond the jurisdiction of the court. (*Post, pp.* 112-114.)

## FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County. —T. M. McCONNELL, Chancellor.

WILLIAMS & LANCASTER, for complainant.

WATKINS & THOMPSON, for defendant.

MR. JUSTICE NEIL delivered the opinion of the Court.

There is a conflict of authority upon the question whether a court of equity has inherent power to grant a wife a separate maintenance out of her husband's estate, because of his abandonment of her, or his failure to provide, or his cruelty, or other breaches of marital duty, whereby she is forced to withdraw from his home and custody, in cases where no application for divorce is made (2 Am. and Eng. Ency. of Law [2d Ed.], 93, 94; 14 Cyc. 744, 745) ; many of the authorities, referred to in the notes, holding that in the absence of statutes conferring the power it does not exist. However, there are other authorities, represented by decisions delivered

by courts of last resort in Alabama, California, Colorado, Iowa, Kentucky, Maryland, Mississippi, North Carolina, Ohio, South Carolina, South Dakota, and Virginia, and also in the District of Columbia, which hold that the power exists. 2 Am. and Eng. Ency. of Law (2d Ed.), 94, 95, note 2; 14 Cyc., pp. 744, 745, note 14. And with these latter courts must be ranked our own. *Nicely* v. *Nicely*, 3 Head, 184; *Swan* v. *Harrison*, 2 Cold., 543; *Corley* v. *Corley*, 8 Baxt., 7, 10.

In *Nicely* v. *Nicely* the court said:

"The argument against the jurisdiction of a court of equity to decree the relief sought by the bill is based upon the English authorities. The doctrine held there is that the obligation of the husband to provide a suitable maintenance for his wife is not a duty of which courts of equity will decree the specific performance, by requiring him to furnish a separate maintenance; that the remedy is in the courts of common law, by action against the husband, in favor of any one who may, under such circumstances, have supplied the wife with necessaries suitable to her condition in life; that the jurisdiction of decreeing alimony belongs to the spiritual court, and can be properly exercised in that court as incidental to a decree of divorce only, and is not within the jurisdiction of a court of equity. Fonbl. Eq., 103, 104, note n; 2 Story's Eq. (5th Ed.), sec. 1422. Such seems to be the general doctrine of the English cases, though the cases upon this subject do not altogether agree. But in some of the American courts a more reasonable doctrine

has prevailed; and the jurisdiction of a court of equity, in such cases, has been maintained upon general principles, and especially upon the ground of the utter inadequacy of the remedy at law. See 2 Story's Eq., sec. 1423a; 4 Hen. & M., 507, and other American cases cited in Fonbl. Eq., 62, 63, and note; Id., 103, 104, and note. If it were necessary, we should incline to follow the latter authorities in the determination of this case."

The court, however, notwithstanding the strong expressions quoted, finally decided the special case in hand upon the language of our statute. (Code 1858, secs. 2467, 2468; Shannon's Code, secs. 4220, 4221), and the authority of the case cannot therefore be considered conclusive upon the question. In *Swan* v. *Harrison,* the question is left in the same predicament. 2 Cold., 541-544. But in *Corley* v. *Corley* the equitable jurisdiction is distinctly recognized, without reference to the terms of the statute.

Defendant's contention is that the relief can be granted only under the statute (Shannon's Code, 4202, 4220, 4221; Code 1858, secs. 2449, 2467, 2468), and that no relief can be applied for thereunder, for acts committed outside of the State, until the applicant has been a resident of the State two years (Shannon's Code, sec. 4203; Code 1858, sec. 2450). This section reads:

"A divorce may be granted for any of the aforesaid causes, though the acts complained of were committed out of the State, or the petitioner resided out of the State at the time, no matter where the other party re-

sides, if the petitioner has resided in this State two years next preceding the filing of the petition."

The counsel for complainant contends that the two years' condition precedent to action is placed upon the right of divorce merely, and that the right to apply for maintenance, simply, is left untouched thereby; the court having held in *Nicely* v. *Nicely,* supra, that such independent right did exist under sections 2467, 2468. We incline to the view of complainant's counsel, but it is perhaps unnecessary to decide the question, since the inherent power of the court of equity in the premises is recognized, and was availed of in *Corley* v. *Corley,* supra. So, in either view, the bill was not filed prematurely.

It appears that in many of the States where the inherent equity jurisdiction was denied statutes have been passed conferring upon the wife the right to file such independent bill for maintenance, so that now in the greater number of our States the right is recognized, and a body of law has grown up thereunder, defining and illustrating the mode and extent of its exercise. 2 Am. and Eng. Ency. of Law (2d Ed.), 93, 94, note 1; 21 Cyc., 1598, 1599, note 79.

"Accordingly," it is said in the authority last cited, "the wife's right to an allowance for separate maintenance, as used in the present discussion, means that reasonable support for the wife which a court of equity or the statutes will compel the husband to provide for her where without just cause he deserts her, or where by his mis-

conduct she is justified in living apart from him, when otherwise she would be without adequate means of support.  .  .  .  In equity and under the statutes, the generally recognized grounds for the wife's right to an allowance for separate maintenance are desertion or abandonment of the wife without just cause, cruelty, personal violence, and drunkenness.  Other causes, such as ill treatment, neglect suitably to provide for the wife, fraudulently procuring a divorce, living separate and apart, and renunciation by the husband of the marriage covenant and refusal to live with the wife in the conjugal relation by reason of joining himself to a sect whose doctrine requires a renunciation of the marriage covenant, are also recognized in some jurisdictions." 21 Cyc., 1599-1601, and notes.

It is said that, generally, to give jurisdiction, one of the parties must be a *bona fide* resident of the State in which the suit is brought.  21 Cyc., 1603, and note 23; *Harrison* v. *Harrison,* 20 Ala., 629, 56 Am. Dec., 227. In the case cited it was held that where a wife who had left her husband for just cause returned to him on his promise of amendment, and they removed to another State where he continued his ill treatment, the wife might remove to her former domicile and sue there for maintenance.

In respect of the judgment to be entered in cases of this character, it has been held that "the decree should provide that the alimony continues until a dissolution of the marriage by the death of either party, or until

the husband shall receive the wife and treat her in accordance with his marital duty. The allowance must be made to the wife in name. An alternative sum in lieu of annual payments has been made, and the custody of minor children may in the discretion of the court be awarded to the wife." 21 Cyc., 1608, 1609. It has also been held that a decree for separate maintenance may, upon due notice, be amended or modified, as justice and equity may require it. Id., note 86.

There are, of course, many other incidents of the relief granted in cases of this character; but, as they have no bearing upon the facts of the case before the court, they need not be now referred to.

We shall now proceed to apply the foregoing principles as far as may be necessary for a true solution to the case before the court.

1. We do not think it material that the complainant drew her bill stating facts which would have been sufficient, if proven, to have justified the court in granting a divorce from bed and board or absolutely, under Shannon's Code, sec. 4202—that is, charging cruel and inhuman treatment and failure to provide; nor is it material that the affidavit required in divorce cases was attached to the bill, concerning the truth of its allegations and the absence of levity or collusion. The bill showed upon its face that the complainant had been a resident of the State less than two years, and expressly disclaimed a purpose on the part of the complainant to

Cureton v. Cureton.

sue for divorce, and as distinctly a purpose merely to claim a separate maintenance.

2.   The complainant was not disentitled to relief on the ground that she had been a resident of this State only fifteen or twenty days when the bill was filed.  She had formerly resided in this State, and the defendant married her here.   They removed to Georgia, and resided there about a year, when she was forced to return to her mother's home in Chattanooga because of ill treatment on the part of her husband, and of his failure to provide for her and his abandonment of her.   Under these circumstances she had a right to return to her former domicile and present the present bill.

3.   The chancellor and the court of chancery appeals acted correctly in giving her the custody of the children. They were young—two and four years old—and needed their mother's care.   Proper directions were embodied in the decree, enabling the husband and father to see the children at stated times, and to have them with him for certain periods fixed by the court; proper safeguards for their return to their mother being provided, as shown *infra*.

4.   The chancellor decreed that the complainant was entitled to $40 per month, as a suitable support for herself and the two children, and rendered judgment for the amount which had accrued at this rate from the filing of the bill to the date of the decree, $640, and further decreed that the defendant should pay into court the further sum of $40 per month on the 1st day of each

month after the decree, beginning with the 1st day of May, 1906. The defendant was also taxed with the costs. The cause was likewise retained in court for the enforcement of the decree when necessary, with leave to either party to apply. On appeal, the decree of the chancellor was in all things affirmed by the court of chancery appeals, and in that court a judgment was rendered against defendant and the surety on his appeal bond for the sum of $800, the amount of the accrued monthly sums to August 1, 1906, less the sum of $101.96, which had been paid into the court below. Execution was directed to issue for the balance so ascertained.

The court of chancery appeals further decreed that the complainant should have the exclusive care and custody of the two children, Julia and Marion, and the injunction originally granted in the cause against the defendant, restraining him from in any wise interfering with the care and custody of the children by the complainant was made perpetual, but the court directed that the defendant might visit the children once each week at some suitable place, to be agreed upon between complainant and himself, or to be designated by the chancellor presiding in Chattanooga, but the defendant was enjoined from tampering with or endeavoring to prejudice the children against their mother during such visits. The decree further provided that, inasmuch as the defendant had executed a proper bond for the purpose in the chancery court, he might, if he desired, take the children with him to the home of their grandfather

Cureton v. Cureton.

in Dade county, Georgia, for the period of one week each month, and that for this purpose the bond before executed should remain in full force and effect. For the purpose of carrying out and executing the foregoing decree, which included, of course, the future payment of $40 each month pursuant to the decree of the chancellor, which was affirmed, the cause was remanded to the chancery court at Chattanooga, except in so far as an execution was awarded for the amount found due, as above indicated.

This decree is correct in the main, but we think it should be modified in two or three particulars, as follows: The future monthly payments, beginning with that due the 1st day of August, 1906, should continue within the discretion of the chancellor only until a reconciliation shall have been effected between the husband and wife, and until the husband shall have returned to the discharge of his marital duties, of which return the chancellor shall be fully satisfied before discontinuing the payments. In the absence of such return to duty on the part of the husband, the payments should continue.

There should also be a further reservation with respect to the custody of the children. The injunction was improperly rendered a perpetual one. It should be held within the control of the chancellor, to the end that he may hereafter make such orders as may be most conducive to the interests of the children. The clause permitting the husband to take the children out of the

117 Tenn—8

State on executing bond was an improper one. The children should not be taken from the State at all, but should be kept within the jurisdiction of the court.

There are some other questions made in the briefs of counsel, but in veiw of what has already been said these questions have become immaterial, and need not be more particularly referred to.

A decree will be entered here, affirming the decree of the court of chancery appeals, with the modification above indicated, and the cause will be remanded to the chancery court of Hamilton county for further proceedings.

The defendant will pay the costs of this cause accrued to the present time, both in this court and the court below. The costs that may hereafter accrue will be disposed of as the chancellor may direct.