## ROSE S. REYNOLDS *v.* CHARLES A. REYNOLDS.

## No. 1136.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
### HON. C. W. ASHFORD, JUDGE.

SUBMITTED JANUARY 7, 1919.                    DECIDED JANUARY 23, 1919.

#### COKE, C. J., KEMP AND EDINGS, JJ.

EQUITY—*pleading.*

> A married woman cannot sue her husband in equity without the interposition of a next friend.

#### OPINION OF THE COURT BY EDINGS, J.
#### (Kemp, J., dissenting.)

The matter comes before this court upon the respondent-appellant's appeal from an order of the circuit judge allowing the complainant-appellee the sum of sixty dollars per month as temporary maintenance pending the determination of a suit for separate maintenance brought by her, or until the further order of the court.

It appears that upon the 20th day of Sepember, A .D. 1918, Rose S. Reynolds instituted a suit in equity in her own name against Charles A. Reynolds, her husband, for separate maintenance, to which suit respondent-appellant interposed a demurrer setting up and relying upon the following ground of objection: "That the above petitioner, Rose S. Reynolds, cannot maintain an action for maintenance against said respondent, Charles A. Reynolds, in her own name, said parties being husband and wife," and also upon the ground that "The return was sufficient to apply to the bill of complaint and contained facts sufficient to show cause why the order should not have been made."

The demurrer was heard by the circuit judge and by him overruled.

The first ground of demurrer is that a wife cannot sue her husband in equity without suing by a next friend. At common law, owing to the identity of husband and wife, neither can sue the other; but, in equity, when the wife's claims are adverse to her husband's, she by her next friend may sue her husband and likewise the husband may sue the wife. Where a state court decreed a divorce *a mensa et thoro* between man and wife allowing alimony to the latter, and the husband moves out of the state for the purpose of placing himself beyond the jurisdiction of the court, "the wife can sue by her next friend in a court of the United States, having equity jurisdiction, to recover the amount of alimony decreed by the state court." *Barber* v. *Barber*, 62 U. S. 582. The doctrine laid down in this case seems to have been generally followed by the courts of the several States and we see no sufficient reason to induce us to depart from it. As remarked by Chief Justice Marshall in *Crockett* v. *Lee*, 20 U. S. 522, in considering a question of equity practice, "The hardships of a particular case would not justify this tribunal in prostrating the fundamental rules of a court of chancery; rules which have been established for ages on the soundest and clearest principles of general utility." The general rule in equity is that a *feme covert* has no right to file a bill in equity against her husband without the interposition of a next friend. *Wood* v. *Wood*, 2 Paige (N. Y.) 454; 10 Ency. Pl. & Pr. 197. The statute in this Territory upon this subject, so far from relaxing this rule confirms it, for section 2954 R. L. 1915 provides that "A married woman may sue and be sued in the same manner as if she were sole; but this section shall not be construed to authorize suits between husband and wife."

The order of the circuit judge overruling the demurrer upon this ground is reversed and the cause is remanded for further proceedings consistent with this opinion.

We do not consider the second ground of exception well taken, being a question of fact in the discretion of the trial judge whose ruling upon the same is not final and may be rescinded upon a trial of the cause in the lower court.

*C. C. Bitting* for complainant.

*Thompson & Cathcart* for respondent.

## CONCURRING OPINION OF COKE, C. J.

I concur in the opinion of Mr. Justice Edings but confess that I entertain little sympathy for the rule announced upon the first ground of demurrer. It is a rule based upon the fiction of complete .unity of husband and wife and because of which they cannot contract with or sue each other since a person cannot make a contract or bring a suit against himself. In some of the States this obsolete fiction has been abolished by statute, thus emancipating both spouses from its consequences. This, however, has not been done in Hawaii. In fact the ancient rule denying a wife the right to sue her husband in a court of equity, unless she does so through the medium of a next friend, is expressly retained by section 2954 R. L. 1915. I fail utterly to comprehend the wisdom of the rule which while permitting a wife to directly maintain an action against her husband for divorce *a vinculo* and for alimony looks upon her as *non sui juris* and denies her the right to sue him for separate maintenance unless through the interposition of a *prochein ami,* but in every jurisdiction where it has not been expressly abolished by statute the rule has the uniform sanction of the courts as well as of the text writers. 21 Cyc. 1512, 1517; 10 Enc. Pl. & Pr. 197; Fletcher, Eq. Pl. & Pr. 21; Story's Eq. Pl. (6th ed.), Sec. 61, p. 61; *Barber* v. *Barber,* 21 How. (62 U. S.) 582, 589, 590; *Lewis* v. *Elrod,* 38 Ala. 17; *Bridges* v. *McKenna,* 14 Md. 258; *Walter* v. *Walter,* 48 Mo. 140; *DeWall* v. *Covenhoven,* 5 Paige 581; *Thomas*

v. *Thomas*, 18 Barb. 149; *Wood* v. *Wood*, 2 Paige 454; *Ward* v. *Ward*, 17 N. C. 554.

The demurrer of respondent-appellant should, in my opinion, be sustained. The complainant-appellee may, of course, if she so desires, apply to the court below for permission to amend her bill by inserting the name of a responsible person as her next friend.

### DISSENTING OPINION OF KEMP, J.

I am unable to agree to the holding that section 2954 R. L. 1915 does not relax the general rule that a *feme covert* cannot file a bill in equity against her husband without the interposition of a next friend.

The statute provides that "a married woman may sue and be sued in the same manner as if she were sole; but this section shall not be construed to authorize suits between husband and wife."

The wife has authority to bring a suit against her husband for separate maintenance without statutory authority therefor (*Dole* v. *Gear*, 14 Haw. 554), but in the absence of statutory authority the suit would have to be brought through a next friend just as would the wife's suit against any other person in the absence of such a statute.

If the statute contained only the first clause there could be no question that this suit could be maintained by Mrs. Reynolds in her own name, because up to that point the statute in plain and unequivocal language authorized a married woman to sue and be sued in the same manner as if she were sole — that is, it authorized her to bring suits in her own name which prior to the statute she could bring only when represented by a next friend. It did not create any new cause of action in her favor nor did it deprive her of any she already had. This much I say is plain if the statute had ended with the first clause. What then was the effect of adding that this section shall not be

construed to authorize suits between husband and wife? It is well known that the right of the husband and wife to sue each other does not extend to every character of suit or action but is extremely limited. I think that the legislature out of an abundance of caution added the last clause to make sure that the bars were not thrown down so as to permit general litigation between husband and wife, and there was no intention to except out of the first clause such suits as a wife is authorized to bring against her husband. The legislature simply did not want to be understood as creating any new causes of action in favor of the wife against the husband or the husband against the wife and added the last clause to make sure of that effect.

In my opinion the circuit judge did not err in overruling the demurrer and his action in that respect should be sustained.