LOLA-MERNE BRADBURY, A MARRIED WOMAN, BY G. C. ECKELS, HER NEXT FRIEND, v. CARL W. BRADBURY.

No. 1732.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. J. R. DESHA, JUDGE.

ARGUED FEBRUARY 3, 1927.                    DECIDED FEBRUARY 15, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

EVIDENCE—*erroneous admission—error harmless on appeal.*

> In an equity case appealed from the decree of a circuit judge at chambers, this court having made its own findings of fact upon the evidence correctly adduced, an error of the trial judge in considering as evidence a statement which was not in law evidence is not sufficient ground for a new trial.

SAME—*findings of fact.*

> Upon the evidence in this case the findings of fact made by the trial judge are sustained.

OPINION OF THE COURT BY PERRY, C. J.

This is a bill in equity brought by a wife against her husband for separate maintenance. Undisputed evidence shows that the parties were married on January 2, 1926, and lived together as husband and wife until February

26 of the same year and not any longer.  The only important issue in the case was whether the husband deserted the wife or the wife deserted the husband.  The parties themselves both testified at great length and there was a little evidence from other witnesses.  The trial before the circuit judge was thorough.  The finding of the lower court was that, while the husband on February 25, 1926, left the room at Vida Villa where the parties were dwelling, he did so because the wife locked him out and refused to permit him to return, saying that she did not wish to live with him any longer.  The court further found that, after that date, the husband made several efforts in good faith to persuade the wife to return to him and that in each instance she refused.  The testimony is of a highly contradictory nature.  This is a case to which the rule is peculiarly applicable that the findings of the circuit judge, who saw and heard the witnesses, are of great weight in the appellate court.  Under that rule alone the judgment below dismissing the petition should be affirmed; but upon our own examination of the evidence we are satisfied that the conclusions of the judge below on matters of fact were correct and that it follows as a matter of law that the petition cannot be granted.  The evidence discloses in detail the history of the married life of the parties, as well as incidents occurring during a period shortly prior to their marriage and during the period immediately following the separation.  It will serve no useful purpose to recite the details.  Suffice it to say that we agree with the trial judge that the wife, and not the husband, was responsible for the separation.

It is claimed by the petitioner that the circuit judge erred in considering as evidence a statement, privately made to him by one of the court reporters, giving the latter's version of the correct reading of stenographic

notes made by the petitioner in a diary kept by her; and it is further claimed in this connection that it is apparent from the written decision of the trial judge that he attached great importance to this diary statement as deciphered by the reporter. Technically, the trial court did err in receiving the statement apart from the trial; but it is not apparent to us that it was relied upon by the judge in arriving at his essential findings of fact. However that may be, we dispose of the case upon the theory that the reporter's statement is not evidence. Upon an appeal such as this from the decree of a circuit judge at chambers, the whole case is before us for determination of all of the issues of fact upon the evidence which was properly adduced. Having made our own findings, the error of the circuit judge, such as it was, cannot be ground for a new trial.

The decree dismissing the petition is affirmed.

*S. B. Kemp* (*Huber & Kemp* on the briefs) for petitioner.

*C. K. Quinn* (also on the brief) for defendant.