[Crim. No. 2114.   First Appellate District, Division One.—February 16, 1940.]

In the Matter of the Application of SIEGBERT LAZAR for a Writ of Habeas Corpus.

Grover O'Connor for Petitioner.

Eric J. Robertson for Respondent.

WARD, J.—Petition for writ of *habeas corpus* seeking relief from an order adjudging petitioner to be in contempt of court for failure to comply with the terms of a decree of divorce requiring him to make certain payments to his former wife.

On November 30, 1936, petitioner and his wife, from whom he was separated, entered into an agreement providing for a final and complete settlement between them of all questions of property rights, separate maintenance, alimony, etc., without respect to any action or suit which might thereafter be brought by either party. Among other things, it was provided that the wife should have exclusive possession and ownership of certain household furnishings and money in her possession and on deposit in banks with which she "is or has been transacting business"; that the husband should have the exclusive possession and ownership of certain household and office furnishings, medical equipment, musical instruments, stamp collection, a life insurance policy, automobile, certain business accounts and notes, debts and obligations receivable, and any money in any bank or banks with which he "is or has been transacting business". A short time thereafter, the parties were granted an interlocutory decree of divorce which provided: "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that that certain agreement in writing, dated November 30, 1936, by and between the plaintiff and defendant be and it is hereby approved and made a part of this decree, and the property rights of the parties as set forth in said agreement be, and they are hereby approved, and the community property of said parties is hereby distributed to them in accordance with the terms of said agreement." Following out the terms of the agreement, under the heading: "The plaintiff shall have as her separate property . . . ", the decree, after disposing of certain furnishings, cash on deposit, etc., provided: "In addition, plaintiff shall have, and defendant shall pay to her, the sum of One Hundred and Thirty Dollars ($130.00) on or before December 31, 1936, and a like sum on or before the last day of each calendar month thereafter during the lifetime of plaintiff, or until the remarriage of plaintiff . . . ", the court thereby in express terms as part settlement of the com-

munity property ordering the payment thereof. In the second to the last paragraph, the decree stated: "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff is not entitled to maintenance, support or alimony, and no award therefor is made to her." One year later a final decree, confirming the interlocutory, was rendered in the action. Subsequently the defendant husband was cited for contempt for failing to make payments as above provided.

During the hearing on the order to show cause, it developed that the husband then in default on the above payments, had in his possession the sum of $72, whereupon the court ordered him to pay to the wife the sum of $35. The husband refused to comply with the order and the court immediately adjudged him in contempt.

■ The state, while not a party in a divorce action, has an interest in the contract and relationship of marriage, which is not subject to dissolution upon the whim or caprice of one of the contracting parties or even upon their mutual consent. It may be dissolved only for causes sanctioned by law. In *Grannis* v. *Superior Court,* 146 Cal. .245, 252, 253 [79 Pac. 891, 106 Am. St. Rep. 23], the court said: "The parties to such an action have not the right to control procedure as in other actions. The court is not bound by admissions in the pleadings nor by the stipulations of the parties, nor is its inquiry as to the facts limited by the pleadings. . . . The rule in actions affecting property, that the parties interested may control the disposition of the interests involved, and that the judgment of the court will be made to conform to such disposition, when ascertained, has no application to divorce cases." (Greenhood on Public Policy, 490; *Roberts* v. *Roberts,* 83 Cal. App. 345 [256 Pac. 826]; *Deyoe* v. *Superior Court,* 140 Cal. 476 [74 Pac. 28, 98 Am. St. Rep. 73]; *Maynard* v. *Hill,* 125 U. S. 190 [8 Sup. Ct. 723, 31 L. Ed. 654].)

■ Separation agreements involving property settlements are valid in California (Civ. Code, secs. 158, 159; *Fitch* v. *Tyler,* 105 Cal. App. 306 [288 Pac. 74]), but in a subsequent divorce proceeding, if any provision of such agreement does not meet with the approval of the court, the decree will be framed in conformity with the court's views irrespective of any provision in the private prior agreement. (Civ. Code,

secs. 146, 147, 148; *Smith* v. *Smith*, 94 Cal. App. 35 [270 Pac. 463]; *Moog* v. *Moog*, 203 Cal. 406 [264 Pac. 490]; *Wallace* v. *Wallace*, 136 Cal. App. 488 [29 Pac. (2d) 314]; *Robertson* v. *Robertson*, 34 Cal. App. (2d) 113 [93 Pac. (2d) 175]; *Miller* v. *Superior Court*, 9 Cal. (2d) 733 [72 Pac. (2d) 868]; *Ettlinger* v. *Ettlinger*, 3 Cal. (2d) 172 [44 Pac. (2d) 540].)

■ The court has power to approve, disapprove, amend or reform the terms of an agreement when made a part of or embodied in an interlocutory decree, and if there is an order to pay money, thereafter to enforce such order by contempt proceedings. (*Seymour* v. *Seymour*, 18 Cal. App. (2d) 481 [64 Pac. (2d) 168]; *Miller* v. *Superior Court, supra; Liles* v. *Superior Court*, 19 Cal. App. (2d) 506 [65 Pac. (2d) 920].) If the provision in the decree does not expressly or impliedly recite an order ''to pay'', proceedings in contempt do not lie. (*Baxter* v. *Baxter*, 3 Cal. App. (2d) 676 [40 Pac. (2d) 536] and cited cases.) The validity of the order in the decree directing the payment of $130 monthly is not questioned.

■ Petitioner contends that the contempt order results in imprisonment for debt. It is frankly conceded that the order here attacked would be proper if made expressly or impliedly for nonpayment of alimony, maintenance or support. The compliance with an order of the character last mentioned, or one directing the settlement of separate property rights, may be enforced by imprisonment. (*Miller* v. *Superior Court, supra.*) ■ The order adjudging petitioner guilty of contempt does in fact recite that the order for the payment of $130 a month was for ''support and maintenance'', but the commitment is based upon ''failure to make payments as provided in the final decree and judgment''. Inconsistent and contradictory statements are found in the agreement and in the decree, but a fair interpretation to be placed upon the language of the interlocutory decree, and confirmed in the final, which is the basis for the contempt charge, is that, by the court's insertion in the decrees of the disposition to be made of the wife's separate interests, including the payment of the sum monthly, it was intended to make the order relative thereto an order determining the separate property of the wife as distinguished from the usual order for alimony. The question therefore arises, may the court, through contempt proceedings, make effective an order assigning certain

property to one spouse as separate property, the order having further directed a compliance therewith?

An ordinary judgment does not order the party against whom it is directed "to pay" anything. An award of support for an innocent spouse in a divorce proceeding is a command directed to the other spouse "to pay". The reason for the mandatory language in the judgment in a divorce proceeding is that the state has an interest in the marriage contract which warrants even extraordinary means for enforcement of the terms of the dissolution of the marriage. Property settlements often involve provisions regarding future support. To hold in decrees directing a party "to pay", or its equivalent, that contempt does not apply, would result in making that portion of the decree settling property rights inert and impotent. (*Tripp* v. *Superior Court,* 61 Cal. App. 64 [214 Pac. 252].)

A husband and wife contract toward each other obligations of support. (Civ. Code, sec. 155.) "Support" in this sense is synonymous with maintenance. Alimony is an allowance for support and maintenance pending or subsequent to divorce. It does not constitute a debt within the meaning of the constitutional provision prohibiting imprisonment for debt. (State Const., art. I, sec. 15; *Miller* v. *Superior Court, supra.*) A decree for alimony or allowance is an order to compel one spouse to support the other. It is an order for the protection of one of them, and its violation is punishable, not for failure to pay an adjudicated amount as in all ordinary judgments, but for failure to obey the order of the court. With this in mind, it is immaterial whether the decree designates alimony, maintenance or support, or, as in the present case, is an order directing that in the disposition of the property of the spouses the husband should be entitled to "accounts and notes receivable, including all debts and obligations to the defendant owing" from any source, and that the wife should have as her separate property $130 a month during her lifetime or until remarriage.

The court ordered that each party should have as separate property certain personal effects, impliedly directing the delivery by each side of the respective articles. If either party had refused to deliver the specified articles to the other, could it be said that contempt proceedings would not be available? If the wife had arbitrarily seized the automobile, declared in

the decree to be the separate property of the husband, would it have been necessary to resort to a separate action to recover the machine? Separate property is generally given to each spouse as a means of support, and the arm of the law may reach out directly to enforce a former marital obligation, the execution of which, after dissolution of the marriage, becomes a public duty. The provision disposing of separate property is embodied in a decree, with a direction "to pay" or its equivalent. It therefore has the "compelling power of the court behind its every covenant". (*Tripp* v. *Superior Court, supra; Ex parte Weiler,* 106 Cal. App. 485 [289 Pac. 645].) In *Schnerr* v. *Schnerr,* 128 Cal. App. 363 [17 Pac. (2d) 749], an order was made directing the husband to pay money to the wife upon a property settlement not made a part of the decree. The order was reversed because not founded on the decree itself, but upon a subsequent order, and for the additional reason that the decree did not impose a duty upon the husband. In the Schnerr case, in discussing *Tripp* v. *Superior Court, supra,* the court said (p. 367) : "In support of the order appealed from plaintiff relies mainly on the case of *Tripp* v. *Superior Court,* 61 Cal. App. 64 [214 Pac. 252, 253]. But in that case, unlike the present one, the agreement between the parties was set out in full in both decrees, and by express provision was made a part thereof. The duty imposed upon the defendant was, therefore, readily ascertainable from the decrees themselves." In this case the duty of the defendant, petitioner herein, is readily ascertainable from the order directing him to pay a certain amount as monthly installments in part settlement of community assets, and for his failure to obey such order, not his failure to pay a judgment, he is punishable for contempt.

The writ is discharged and the prisoner remanded.

Peters, P. J., and Knight, J., concurred.