CARMELITA G. SIMMS, by her Prochein Ami, Robert Won Bae Chang, and NOHEALANI C. SIMMS, a Minor, by her Prochein Ami, Robert Won Bae Chang v. HARRY A. SIMMS.

Nos. 4439 and 4453.

MARCH 31, 1966.

CASSIDY,* WIRTZ, LEWIS AND MIZUHA, JJ., AND CIRCUIT JUDGE KING ASSIGNED BY REASON OF VACANCY.

---
* Acting chief justice when this case was submitted.

*Per Curiam.* On May 7, 1964, Plaintiffs Carmelita G. Simms and Nohealani C. Simms, wife and daughter respectively of Defendant Harry A. Simms, filed a joint complaint against him praying for a judgment which would compel him to provide a reasonable sum each month for the support of the wife and a reasonable sum each month for the support of the child. The basis for the relief sought rests on the bare allegation, "That for sometime now Defendant has not provided proper and adequate support to both Plaintiffs as required by law, and Defendant is well able to provide such support," and the averment that the plaintiffs had no adequate remedy at law.

The complaint was accompanied by an application for support *pendente lite* and an order to show cause why such temporary support should not be granted was issued.

On May 18, 1964, defendant filed his answer to the complaint asserting *inter alia* that it failed to state a cause of action upon which relief could be granted, and further, that the court lacked jurisdiction to grant the relief sought or to act *pendente lite* in the cause.

It can be inferred from the record that the complaint was deliberately framed so as not to present the ordinary equitable action for what is commonly termed "separate maintenance" in this jurisdiction. It is clear from the proceedings below as well as from what has been argued and presented in this court that plaintiff's basic contention was and is that, in equity, there is a distinction between "support" and "separate maintenance" and that the wife was seeking the former and did not at all desire the latter. It is conceded that the reason for making the claimed distinction in the remedy sought was for the in-

tended purpose of avoiding the consequences that could follow from the provisions of R.L.H. 1955, § 324-81,[1] if she obtained a "separate maintenance" decree. The firm representation was made by counsel on the wife's behalf that notwithstanding the defendant's attitude towards her and his abandonment of the home, as is hereinafter related, she was ready to take him back and in no event desired to permit her marriage to be dissolved by divorce as under the statute it might later be if an ordinary decree for separate maintenance were entered in her favor.

The order to show cause came on for hearing on May 21, 1964. The evidence adduced showed that the defendant had left his wife and child on April 1, 1963, that he unsuccessfully endeavored to obtain a divorce and that after the dismissal of his divorce libel he refused or neglected to furnish funds for the support of his wife and child and that he notified utility companies and many others who had customarily furnished necessities for the household and the family that he would not be responsible for anything they furnished or sold to his wife.

The wife testified defendant left the home "of his own accord" and being asked if she knew why, replied "Yes. He's having an affair with another woman." She offered in evidence a letter from the defendant dated May 4, 1964, in which he stated in part, "Since I have been living away from you for over thirteen months now and most definitely do not intend to return or live with you ever again, it would appear to the best interests of all, for you to make some kind of a reasonable offer of settlement, rather than

---

[1] § 324-81 provides in pertinent part: "Where the parties have lived separate and apart for a term of two years or more under a bill in equity for separate maintenance, a divorce may be granted on the application of either party on the ground, if such be established, that no reconciliation has been effected and that the living together of the parties is insupportable; * * *."

§ 324-81 was repealed by S.L. 1965, Act 52, but the equivalent of the quoted provisions was directly incorporated in and added to § 324-20 as a ground for divorce.

to continue with all this hate and bickering which now exists, and which can only increase the longer this impossible situation is allowed to exist."

The wife also testified she had said nothing to defendant to cause him to leave home and that she would permit him to return home and live as her husband if he desired to do so. No attempt was made to amplify on the circumstances attending the separation. The wife's case was presented on the theory that it was not material whose responsibility it was that the husband had left the home. In fact her counsel objected to the defendant's testifying that her drinking was one of the reasons why he left the home. The wife's counsel urged below that her suit could be sustained simply by showing that the husband would not support her "without getting into the normal grounds for issuing a decree for separate maintenance."

The defendant was called as an adverse witness and was questioned respecting his earnings and income. It was also brought out from him that he had no intention of ever returning to live with his wife and that unless ordered to do so he would not provide for her support excepting that he was willing to and intended to continue to pay the monthly installment of $118.00 payable on the mortgage covering the jointly-owned home in which the wife and child were living and also that he would pay the insurance on a car owned by the parties.

While the hearing on the order to show cause started out as a proceeding to determine the allowance of temporary support for the wife and the child, at an early stage in the proceeding the defendant injected the question of and objection to the court's power to grant relief on the theory advanced for plaintiffs and of the nature sought by them. Ruling was reserved on the question and the hearing on the order to show cause continued. After the taking of evidence was concluded and the court had con-

sidered memoranda submitted by the parties on the question so raised, the court made a ruling denying the wife relief. In a combined decision and order the court stated in respect to her case:

"What Mrs. Simms is endeavoring to do in this case is to obtain a decree providing for her support by an action that she says is separate and distinct from an action for separate maintenance. Her reason for approaching the matter in this way is to avoid the failure to reconcile statute, Sec. 324-81, R.L.H. 1955. The flaw in her reasoning lies in the fact that there is no difference between an equitable action for support and an equitable action for separate maintenance. They are different labels for the same thing and are authorized by *Dole* vs. *Gear,* 14 Hawaii 554.

"Further the failure to reconcile statute (Sec. 324-81, R.L.H. 1955) in my judgment applies to both, for an action sounding in equity for support is the same thing as a bill in equity for separate maintenance.

"Since Mrs. Simms does not want the present action treated as an action for separate maintenance (which it is), there is no basis for ordering temporary support."

The lower court's ruling was tantamount to dismissal of the complaint as to the wife. The parties have considered it as such and this court will do likewise. The wife has appealed and her appeal is pending as No. 4439.

The lower court considered the child's right to relief as presenting a different problem. Citing 39 Am. Jur., *Parent and Child,* § 45, the court stated that it agreed with those jurisdictions which hold that a child may bring an equitable action against the father for support, and ordered that the defendant pay $350.00 a month for the support of his child with a proviso that if he continued to pay the monthly amounts due on the mortgage on the

family home the monthly support payments would be reduced by $59.00. The defendant has appealed from this support order. His appeal is docketed as No. 4453.

On the posture of the case as it was presented and submitted below we think the trial court was correct in denying the wife relief.

*Dole* v. *Gear,* 14 Haw. 554, decided in 1903, is the controlling authority in this jurisdiction for granting equitable relief to an abandoned and neglected wife. The primary question presented in that case is stated in the court's opinion to be: "Has equity jurisdiction to grant permanent alimony or maintenance independently of proceedings for divorce or separation?" The court answered the question in the affirmative. It referred to and adopted the holding of many American courts taking the view that, "Equity may entertain an independent suit for alimony or maintenance—basing the jurisdiction mainly on the grounds of inadequacy of the remedy at law and the prevention of a multiplicity of suits."

In attempting to justify the theory of the wife's suit and to maintain the claimed right to a decree for support as distinguished from one for separate maintenance so as to avoid the consequences which might follow under § 324-81 from a decree for separate maintenance it is argued that while *Dole* v. *Gear* "established equity jurisdiction for support in Hawaii, [it] is not limited to a bill in equity for separate maintenance requiring proof of grounds for divorce." It is contended, "To begin with, the main case heard by Judge Gear in the Circuit Court was 'a bill in equity for *maintenance*' (page 555, emphasis supplied) brought by the wife against her husband, and not one for separate maintenance."

While it is true that the court's opinion uses only the terms "alimony" and "maintenance" and nowhere uses the term "separate maintenance," the action in *Dole* v.

*Gear* has always been considered as one for "separate maintenance."[2] And that it was in fact just that is made perfectly clear by the statement in Judge Galbraith's separate opinion (at pp. 570-71) that, "The 'matter in issue' in this case was the power of the court below to compel the husband to support his wife while living apart from him and induced to so live by his wrongful conduct."

The argument on the wife's behalf continues, as follows: "An examination of the authorities cited by the Court [in *Dole* v. *Gear*] reveals that the cases cited granted equity jurisdiction for alimony, support, maintenance, and separate maintenance. Thus the case of *Dole* v. *Gear, supra,* must be read to mean and include alimony, support, maintenance and [separate] maintenance as being the individual sticks in the bundle of sticks pronounced by the Court as the total equity jurisdiction on the subject matter of the law requiring the husband to support his wife. There is no basis on which the argument can be advanced that the Supreme Court did limit its decision to a bill in equity for separate maintenance." Two cases, *Bueter* v. *Bueter,* 1 S.D. 94, 45 N.W. 208, and *Hagert* v. *Hagert,* 22 N.D. 290, 133 N.W. 1035, are referred to and relied on to support this thesis.

In the opinion of the court in the *Bueter* case the terms "support," "maintenance," and "separate maintenance" are used indiscriminately, but that they all refer to the same thing is evident from the opinion taken as a whole. The South Dakota Court stated that the proposition before it, "is clean cut, and, plainly stated, is this: Can a wife, justified by the conduct of her husband towards her in leaving her home, maintain an independent action against her husband for her maintenance? And

---

2 See *e.g., Powell* v. *Powell,* 40 Haw. 625, 630; *Okazaki* v. *Okazaki.* 38 Haw. 148, 150; *Sabini* v. *Sabini,* 38 Haw. 394, 403; *Ah Leong* v. *Ah Leong,* 28 Haw. 581, 582; *Reynolds* v. *Reynolds,* 24 Haw. 632, 635.

can a court of equity entertain such an action, and by its decree compel the husband to make provision for her support during such separation?" The conclusion of the court was: "In this case, the evidence shows such misconduct towards his wife, and ill-usage of her, by the appellant, as would, and does, in our opinion, justify the separation and the bringing of this action." (pp. 209-10, 211.)

Similarly, in *Hagert* v. *Hagert* the court uses the terms "maintenance," "alimony," "support," and "separate maintenance" indiscriminately, but that it is using them synonymously clearly appears from the following from the opinion: "The later authorities allow the wife a separate action in equity for maintenance. See *Cureton* v. *Cureton*, 117 Tenn. 103, 96 S.W. 608, carefully reviewing many authorities, and holding that 'a court of equity has inherent power independent of statute to grant a wife a separate maintenance out of her husband's estate because of his abandonment of her in cases where no application for divorce is made.' This is the rule in Alabama, Arkansas, California, Colorado, Florida, Georgia, Iowa, Kentucky, Maryland, Missouri, Mississippi, Minnesota, Montana, North Carolina, South Carolina, Ohio, South Dakota, Washington, Virginia, and by statute in Illinois, Michigan, and New Jersey." (p. 1039.)

The words "support" and "maintenance" and even "alimony" with respect to the duty of a husband to support his wife are often used synonymously in equity proceedings. See *Ex Parte Lazar*, 37 Cal. App. 2d 327, 99 P.2d 342, 344; *Martens* v. *Martens*, Wyo., 364 P.2d 995, 997; *Snyder* v. *Lane*, 135 W. Va. 887, 65 S.E.2d 483, 487; *Brown* v. *Brown*, 42 Del. 157, 29 A.2d 149, 151; *Gillespie* v. *Gillespie*, 74 Ariz. 1, 242 P.2d 837, 840. And as is stated in *Radermacher* v. *Radermacher*, 61 Idaho 261, 100 P.2d 955, 959, "The word 'separate', used in connection with

'maintenance' indicates that it is the right of the wife to be maintained by her husband while living apart from him." And we add here that, contrary to the theory propounded on the wife's behalf, the question of responsibility for the separation is material to determining whether or not the wife is entitled, in equity, to a decree providing for her support.[3]

Any living allowance which might be granted to the wife in an equitable action necessarily would have to be considered "separate maintenance." Any decree providing for such an allowance would therefore be under "A bill in equity for separate maintenance," and would establish the condition permitting either party to the action to subsequently apply for and to obtain a divorce under the provisions of § 324-81 in the event he or she could establish that they had continued to live separate and apart for two years, that no reconciliation had been effected and that the living together of the parties was insupportable.

As has been noted, at the hearing below counsel for the wife represented to the court that she did not intend or want to establish the condition which would possibly permit her husband to obtain a divorce under § 324-81. We think the trial court was justified in taking this representation at face value and that therefore it was justified in denying the wife relief. The trial court's disposition of the matter was comparable to the granting of a motion to dismiss the complaint as to the wife. Under the circumstances it would appear to us that the wife, now definitely knowing that she cannot obtain relief in equity under the theory urged by her counsel, should in fairness be given the opportunity to amend her complaint to allege

---

[3] *Bradbury* v. *Bradbury*, 29 Haw. 638; *Jones* v. *Jones*, 31 Haw. 25; 27 Am. Jur., *Husband and Wife*, § 408, p. 16. See also, *Forrester* v. *Hurtt*, 18 Haw. 215, 216; *Andrews* v. *Whitney*, 21 Haw. 264, 266; *Ing* v. *Chung*, 34 Haw. 709, 712-13.

proper grounds for separate maintenance and to proceed to trial on the issue or issues joined on the complaint, if such election be made by her. Our remand will so provide.

Again on the posture of the case as it was presented and submitted below, we think the trial court was correct in granting relief to the child.

The question as to whether a child may bring an action against a parent for support has not been decided previously in this court. In states where the issue has been litigated, the several courts have reached opposite results. The annotation at 13 A.L.R. 2d 1142 collects and discusses the decided cases as of 1948. States which denied the right included Georgia, Maryland, Mississippi, Missouri, New Jersey, New York, Tennessee, and Texas. States which recognized the right included Arkansas, California, Illinois, Iowa, Kansas, North Carolina, South Carolina, and Virginia. In the District of Columbia it had been consistently held that a court of equity had jurisdiction of an action by an infant, by its next friend, to enforce the obligation of a parent to provide for the child's support. We are persuaded by the reasoning of those cases which sustain the existence of the right.[4]

It is not necessary to review all of the cases cited in the referenced annotation. A leading case from California sets out the principal arguments and policy considerations. In *Paxton* v. *Paxton,* 150 Cal. 667, 89 Pac. 1083, the court sustained the right of an adult poor person to enforce a duty of support by his parents through an action for maintenance. The court based its decision in part upon the provisions of a California statute. In this connection it may be noted that R.L.H. 1955, § 330-5, requires parents to "provide, to the best of their ability, for their [children's] support and education."

[4] This of course does not have reference to a situation where the child and the defending parent are living and will continue to live together in a family relationship.

But even in the absence of a statute, the right exists. In *Simonds* v. *Simonds,* 81 App. D.C. 50, 154 F.2d 326, 328, the court quoted its own earlier case in which it said: "A suit by the mother as next friend is a proper proceeding to enforce the rights of the son [for support]. We are aware of the fact that some decisions in other jurisdictions give the child no rights to enforce the duty of support either by an action in his own name or by a proceeding in the name of a next friend. We believe, however, that these cases are contrary to the established principle that where a duty exists equity will provide a remedy for its violation."

We agree with the basic general principle enunciated in the *Simonds* case and conclude that its application was proper in this case under the facts as they stood when the case was submitted to the trial judge.

Cases such as this are relatively rare since one would expect that the custodial parent, who is usually the mother, would be seeking an allowance for child support as a part of her action against her husband. Where this situation exists, the child would not be entitled to a separate action against the husband-father for the same purpose inasmuch as the remedy being pursued by the mother is adequate; and if the wife in the present action, on remand, elects to amend her complaint and to proceed with a suit for separate maintenance, she should and will no doubt include a prayer for custody and support of the minor child of the parties. But where, as here, the parents are engaged in a dispute the result of which is that the child's interests are not properly represented, the child's action for support will lie so long as the situation continues.

Defendant's appeal in No. 4453 attacks the amount of the award for support of the child as well as the child's right to relief. As we read the record, the order of the

court from which this appeal was taken was an order for temporary support *pendente lite* of the child only. On remand the pleadings will either be amended to convert the wife's action into a suit for separate maintenance including child custody and support, or the wife's action will stand dismissed leaving for determination only the question of a permanent order for support of the daughter.

In this area, detailed reasoning is not particularly helpful. A survey of the cases set out in 1 A.L.R. 3d at pages 324-471 provides a guide to the general considerations involved. Reviewing the entire record, we believe that the sum of $250.00 per month[5] temporary allowance *pendente lite* for the normal support, maintenance, and education of Nohealani is reasonable under the circumstances. This determination is made without prejudice to the right of the child (or of the custodial parent) to show extraordinary expenditures which should be reimbursed, and without intending to predetermine the amount that should be awarded as permanent child support after final hearing, and without prejudice to the wife's right to support *pendente lite,* if she amends her complaint.

One further point requires consideration.

In this court defendant contends that the trial judge, Judge Dyer, was without jurisdiction, that is, he lacked the power and authority to entertain plaintiffs' suit inasmuch as the division of the First Circuit Court over which he presided was not the division of Domestic Relations and, so it is contended, the case had not been especially assigned to him. The contention is predicated on the provisions of the second paragraph of R.L.H. 1955, § 215-25, reading: "In the first circuit court there shall be a division of domestic relations, to be held by one of

---

[5] This allowance is intended to be subject to the same credit for mortgage payments made by the husband as was provided by the order of July 1, 1964.

the circuit judges, thereunto assigned, who shall exercise jurisdiction in all cases of divorce, annulment of marriages, separation, separate maintenance, desertion and nonsupport of wife or children, guardianship of minors, including appointment, removal and investigation of accounts, and all cases involving alimony, except such cases as are especially assigned to another judge."

The judges of the several circuit courts are by general statutes given full power and jurisdiction to hear and determine all matters in equity. R.L.H. 1955, §§ 215-18(a); 335-1; and 335-2(p). The only limitation on the power of circuit judges in that respect is by an exception contained in § 335-1. With the exception underscored, the section reads in pertinent part as follows: "In addition to the jurisdiction in equity otherwise conferred, the several circuit judges shall have original and exclusive jurisdiction of every original process whether by bill, writ, petition or otherwise, in which relief in equity is prayed for, *except when a different provision is made,* * * *."

In *Wailuku Sugar Co.* v. *Cornwell,* 10 Haw. 476, the court, referring to this exception, stated (at p. 478) : "We consider that the 'different provision' must be of such a character as would expressly oust the jurisdiction in equity." In view of this principle, and particularly when it is applied in light of the third paragraph of § 215-25 which provides: "This section shall not be a limitation upon the powers of the other circuit judges," we find no merit in defendant's contention that the judges of the First Circuit Court other than the judge assigned to the division of Domestic Relations are without jurisdiction or power to hear and determine an equity proceeding of the nature of the present suit.

On the record before us, it is not possible to determine whether or not this case was especially assigned to Judge Dyer but assuming that it was not, the procedural irreg-

ularity could have been readily cured had the defendant called the matter to the attention of the presiding judge. Not having done so, his objection to Judge Dyer presiding over the case comes too late in this court.

In conclusion, the dismissal of the complaint as to the wife is affirmed, subject however to leave granted her to amend within twenty days after remand or within such further time as may be granted by the trial court, if she elects to do so. The trial court's assumption of jurisdiction of the child's action is affirmed. However the allowance for the child's support *pendente lite* is reduced to $250.00 a month. The amount of permanent allowance for the child's support shall be determined after hearing, and in the event the wife amends her complaint such determination shall be considered in connection with the determination of the allowance of separate maintenance to the wife. If the wife prevails, the maintenance allowed the wife and the maintenance allowed the child shall be incorporated in the same decree.

The cause is remanded for further proceedings consistent herewith.

*Robert Won Bae Chang* (*Hoddick, Rothwell & Chang* of counsel) for Carmelita G. Simms, plaintiff-appellant in No. 4439, and Nohealani C. Simms, plaintiff-appellee in No. 4453.

*Samuel Landau* for Harry A. Simms, defendant-appellee in No. 4439, appellant in No. 4453.