Mary Lee **GREEN** and Tempsie Fisher, Individually and for all others similarly situated, Complainants, Appellees,

v.

Reginald D. **BARNES,** Chairman Oklahoma Public Welfare Commission, et al., Respondents, Appellants.

No. 73–1240.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Sept. 10, 1973.

Decided Oct. 5, 1973.

Stan L. Foster, Legal Aid Society of Oklahoma City, (Mrs. Arthur Lory Rakestraw and Diane Harn, Legal Aid Society of Oklahoma City, Okl., on the brief), for complainants, appellees.

Raymond J. Totoro, and James H. Gray, Asst. Atty. Gen., Oklahoma City, Okl. (Larry Derryberry, Atty. Gen., and Lee Vernon, Oklahoma City, Okl., on the brief), for respondents, appellants.

Before PICKETT, BREITENSTEIN and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

Mary Lee Green and Tempsie Fisher brought this suit challenging an Oklahoma welfare regulation making them ineligible for public assistance under the State of Oklahoma's program of Aid for Dependent Children. The trial court enjoined the Oklahoma Public Welfare Commission from enforcing its regulation because it conflicts with the Federal Social Security Act and violates the Supremacy Clause, the Equal Protection and Due Process Clauses of the United States Constitution.

The State regulation, Department of Welfare Manual, 331.12(A), Paragraph 2, reads as follows:

> Real estate owned and used as shelter by the applicant or client is exempt in determining eligibility for assistance, so long as the property does not exceed 40 acres and the market value does not exceed $10,000.

Fisher and Green each own homes with a market value of $16,000.00. However, the homes are mortgaged to the extent that neither has over $160.00 equity in them.

The Oklahoma Public Welfare Commission (Commission) alleges that: (1) the State regulation does not violate the Supremacy Clause; (2) a limitation on the market value of exempt property as a condition of eligibility is not discriminatory and does not violate the Fifth or Fourteenth Amendments; and (3) the trial court judgment is not supported by law.

■ We hold that the State regulation violates the Supremacy Clause.[1] We affirm the trial court's judgment.

42 U.S.C.A. § 602(a)(7) of the Social Security Act states in part:

> (a) A State plan for aid and services to needy families with children must . . .

> (7) except as may be otherwise provided in clause (8), provide that the State agency shall, in determining need, take into consideration any other income and resources of any child or relative claiming aid to families with dependent children, or of any other individual . . . whose needs the State determines shall be considered in determining the need of the child or relative claiming such aid, as well as any expenses reasonably attributable to the earning of any such income;

The HEW's regulation interpretive of the above cited statute reads as follows:

> (c) only such net income as is actually available for current use on a regular basis will be considered, and *only currently available resources will be considered*; (Emphasis ours)
> 45 CFR 233.20(a)(3)(ii)(c), 34 Fed. Reg. 1395.

The Secretary of HEW is empowered to promulgate regulations consistent with the Act. 42 U.S.C.A. § 1302. We find nothing in the HEW regulation which is inconsistent with the Social Security Act.

■ Following oral arguments the Commission filed a supplemental pamphlet citing proposed amendments to 45 CFR 233.20(a)(3)(i) and (ii), indicating that they may have become effective August 8, 1973. The Commission contends that the proposed amendments support its arguments urged here. In view of the fact that the "proposed" amendments will not become effective until January 1, 1974, if in fact adopted, we need not consider them. We believe, however, that the proposed amendments support the trial court's holding that the State regulation is in conflict with the federal law.

■■ The State regulation exempts a home so long as the market value does not exceed $10,000.00; however, it does not take into consideration the outstanding balance of any mortgage or encumbrance on a home with a market value over $10,000.00. Clearly, only currently available resources are to be considered in determining eligibility for, and the amount of, AFDC aid entitlement. In determining eligibility for assistance, the currently available resource in a house with a market value over $10,000.-00 is only the equity in the home. See 45 CFR 233.20(a)(3)(ii)(c), *supra.*

This rationale is in conformance with a three-judge ruling in Wilczynski v. Harder, 323 F.Supp. 509 (D.Conn.1971). The Court there held that Connecticut's limitation for eligibility for Medicaid conflicts with the federal law insofar as it requires the recipient to value insurance policies at face value rather than cash surrender value. The Court held that to qualify as "available" resources, they must be in hand, readily liquidated, or under control of the individual. Applying this criteria, the Court held that the value of the insurance policies in determining welfare eligibility is their cash surrender value.

The trial court was correct in ruling that the State regulation violates the

---

1. This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; . . . shall be the su-
preme Law of the Land; U.S.C.A.Const. Art. VI, cl. 2.

Supremacy Clause of the United States Constitution. The Commission is enjoined from enforcing it.

Affirmed.

