Azzie WYNN, Plaintiff,

v.

Patricia Roberts HARRIS, Defendant.

Scott WILSON and Savannah
Wilson, Plaintiffs,

v.

Patricia Roberts HARRIS, Defendant.

Nos. 78–2151, 79–2767.

United States District Court,
W. D. Tennessee, W. D.

July 24, 1980.

Donald A. Donati, Wanda S. Donati, Memphis Area Legal Services, Inc., Memphis, Tenn., for plaintiffs.

Lewis K. Wise, Shalom Brilliant, U. S. Dept. of Justice, Washington, D. C., Arthur S. Kahn, Asst. U. S. Atty., Memphis, Tenn., for defendant.

## ORDER

WELLFORD, District Judge.

Plaintiffs in *Wilson*, husband and wife, are recipients of Supplemental Security Income (SSI) benefits. They live in a home owned by their children at no cost to themselves beyond upkeep expenses. Although plaintiffs originally contributed $1,000 to the purchase of the home, their children pay the monthly mortgage installments of $106.00, including taxes. Pursuant to 20 C.F.R. § 416.1125(d), defendant reduced the Wilsons' SSI benefits based on their alleged receipt of in-kind support and maintenance benefits amounting to the difference between the amount of rent paid by plaintiffs and the current rental value of their housing.

Plaintiffs now challenge the validity of § 416.1125, asserting that it is inconsistent with the Social Security Act and arbitrary and capricious. They additionally challenge the application of the regulation in this case as unsupported by substantial evidence. This action, which seeks declaratory and injunctive relief, was brought as a class suit, but plaintiffs have indicated that they do not intend to seek class certification.

Plaintiff in *Wynn* brought a similar action attacking § 416.1125. By Order of April 20, 1979, the Court held that jurisdiction was lacking as to Wynn's statutory and procedural claims because no final administrative determination had been made with respect to them. The Court exercised jurisdiction only over plaintiff's constitutional claim and certified a limited class as to this issue.

In an Order of November 28, 1979, the Court consolidated these cases. In addition, plaintiff Wynn was allowed to dismiss as to her own claims without prejudice in order to seek further administrative review. Plaintiffs in this "headless" class action now seek decertification without prejudice. In the absence of opposition to this motion, the Court has orally instructed defendant to prepare and submit an order of decertification.

Both parties in *Wilson* have now filed motions for summary judgment. The issues raised by these motions are whether § 416.1125(d) is a valid regulatory provision and whether the deduction made in this case was supported by substantial evidence. The Court has determined that the regulation is valid and was properly applied in this case.

Plaintiffs assert that the regulation in question is inconsistent with 42 U.S.C. § 1382a, which defines income for purposes of measuring an individual's entitlement to SSI benefits and provides for a reduction of benefits in cases in which an individual receives income "in-kind." Plaintiffs contend that the difference between the amount paid by a recipient for an in-kind maintenance item and its current market value does not constitute a benefit to the recipient.

In evaluating plaintiffs' claim that defendant has exceeded her statutory authority, the Court's task is to determine whether the regulation challenged is "reasonably related to the purposes of the enabling legislation." *Mourning v. Family Publishing Services, Inc.*, 411 U.S. 356, 369, 93 S.Ct. 1652, 1661, 36 L.Ed.2d 318 (1973).

The SSI program, which was added to the Social Security Act by the Social Security Amendments of 1972, 42 U.S.C. §§ 1381 *et seq.*, purports to provide benefits to certain individuals who are aged, blind, or disabled and whose income is below specified levels. *See* 42 U.S.C. §§ 1382(a), 1382(c).

Section 1382(b) prescribes the flat amount payment standard for benefits and further provides that benefits are to be reduced by the amount of income received by an individual recipient. "Income" is defined by § 1382a as both earned and unearned income and includes "support and maintenance furnished in cash or kind." Subsection (a)(2)(A) provides for a reduction in benefits in the case in which a recipient lives in the household of another and receives support and maintenance in kind from that person. In such a case, the statute creates a presumption concerning the value of such support and maintenance and prescribes that the individual's benefits shall be reduced by one-third in lieu of including the value of the support in the individual's unearned income.

The statute does not specifically address the present case in which plaintiffs live in their owned household but, at least according to defendant, receive support and maintenance from another. In this situation, 20 C.F.R. § 416.1125(d) creates a presumption that the maximum value of the support and maintenance is equal to one-third of the SSI payment standard. This presumption will be applied unless the individual establishes that the current market value of the support, less any payment the recipient makes for it, is lower than the presumed value.

The regulation was promulgated following notice and comment rulemaking pursuant to 42 U.S.C. § 1302, which directs the Secretary to "make and publish such rules and regulations, not inconsistent with this Act, as may be necessary to the efficient administration of the functions" with which she is charged.

In the Court's view, the regulation in question is reasonably related to a basic aim of the SSI program, which is to pay

benefits only to the extent that an individual's basic subsistence needs are not provided from other sources. *See* 3 U.S.Code Cong. & Admin.News, pp. 5135–56 (1972); S.Rep. No.92–1230, pp. 383–84. The use of a presumed value to allow the agency to avoid complex, individualized computations is not unreasonable, particularly in view of the fact that the presumption creates a *maximum* reduction in benefits and may be rebutted by a recipient.

In addition, the Secretary's conclusion that benefits are received in a case such as this is clearly rational. When an individual receives an item of support at a price below that which he would have to pay in the market, assuming something other than an arms-length transaction, he receives an obvious benefit. Plaintiffs' argument that this difference in values is not actually available to the recipient for his maintenance must be rejected. In support of their position, plaintiffs rely heavily on *Kimmes v. Califano*, 472 F.Supp. 474 (D.Colo.1979), in which the court held that an SSI recipient who lived in a trailer owned by her daughter and paid all expenses arising from the trailer did not receive in kind income to the extent that the market value of the trailer exceeded those expenses. Whether or not the decision in *Kimmes* was correct, the court expressly acknowledged that the result might have been different if, as in the present case, the recipient's child were making mortgage payments on the trailer. *Id.* at 477. *See also Randall v. Goldmark*, 495 F.2d 356 (1st Cir. 1974) (plaintiff held to receive in kind income to the extent that her husband supplemented her payments on her house mortgage).

The question therefore is not whether benefits have in fact been received, but whether the benefits received have been appropriately measured. The Secretary's decision to utilize current market value is clearly reasonable, whether or not other methods might be equally reasonable or even superior. In addition, the absence of empirical data underlying the one-third presumption does not, as plaintiffs assert, render the regulation arbitrary. As noted previously, this presumption may be rebutted whenever it would produce a reduction greater than the value of the in kind benefit received.

The use of the conjunctive terms "support and maintenance" in § 1382a allows a reduction of benefits in cases in which a recipient receives either food or shelter. Plaintiff has asserted that a reduction may be made only when both food and shelter is received. Such an interpretation, however, would allow the receipt of numerous benefits without any reduction of SSI payments. In addition, there is no indication in the statute that Congress intended these terms to encompass different forms of in kind benefits. In other contexts, moreover, it has been held that the terms support and maintenance are synonymous. *See, e. g., Williams v. United States*, 180 Ct.Cl. 417, 378 F.2d 693, 696 (1967); *Simms v. Simms*, 49 Hawaii 200, 412 P.2d 638, 642 (1975).

In short, for the reasons indicated above, the Court has concluded that the regulation in question is reasonably related to the purposes of the relevant statutory provisions and is not arbitrary or irrational.

The Court further finds that the actual reduction ordered by the Secretary in this case is supported by substantial evidence. Plaintiffs do not dispute the finding of fact concerning the current rental value of their housing, but assert that their initial contribution toward its purchase was not properly considered. Although the Court is not unsympathetic to plaintiffs' point in this regard, it is clear that the Secretary cannot take into consideration all the numerous and complex financial arrangements that might be constructed by those wishing to confer benefits on SSI recipients. Since plaintiffs do not assert any ownership interest in the house and make no contribution toward the mortgage payments, the Secretary's decision to consider only those payments currently being made by plaintiffs toward the maintenance of their hous-

ing was not unreasonable.[1] Thus the decision must be affirmed and summary judgment granted in favor of the defendant.

---

1. To the extent a bona fide loan was made by plaintiffs in connection with the acquisition of the house, repayment of the loan to plaintiffs would perhaps not constitute income to them. The Court does not so hold but defendant may wish to give credit for a loan or advance when and as proven.