**Ella STYLES, Plaintiff,**

v.

**Patricia R. HARRIS, Secretary, Department of Health, Education & Welfare, Defendant.**

**Civ. No. H–79–1422.**

United States District Court, D. Maryland.

Nov. 19, 1980.

Judith F. Fournelle, Legal Aid Bureau, Inc., Baltimore, Md., for plaintiff.

Gale E. Rasin, Asst. U. S. Atty., and Alan M. Grochal, Dept. of Health and Human Services, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

ALEXANDER HARVEY, II, District Judge.

Presently pending in this civil action are a motion for summary judgment filed by the Secretary of Health, Education and Welfare (hereinafter "the Secretary") and a motion for summary judgment or, in the alternative, for remand, filed by the plaintiff. Briefs have been filed in support of both motions. After reviewing the briefs and the record in this case, this Court concludes, pursuant to Local Rule 6, that no hearing is necessary for a decision on the motions. For the reasons hereinafter stated, plaintiff's motion will be denied, and the Secretary's motion will be granted.

In this action brought under the Social Security Act (hereinafter "the Act"), plaintiff seeks, both on her own behalf and as the representative of a class, reversal of the Secretary's decision denying her and her class Supplemental Security Income (hereinafter "SSI") benefits. Plaintiff pays less rent for her shelter than the current market value of the property would indicate she should pay. The Secretary accordingly concluded that plaintiff had received unearned "in kind" income and denied SSI benefits on that ground. Plaintiff is here seeking an Order which would invalidate, as contrary to provisions of the Act, regulations of the Secretary which count reduced rental as income in determining the financial eligibility of an applicant seeking SSI benefits. In the alternative, plaintiff seeks an Order remanding the case and compelling the Secretary to consider, in determining whether an individual receives income for SSI purposes, any benefit which the landlord receives in exchange for the reduction in rent.

Plaintiff is an elderly woman who has been receiving SSI benefits since January 1974. Since November 1977, she has been renting an apartment from her son for $80 per month. It is not disputed, however, that her son could charge other tenants $100 a month for the apartment. The Secretary concluded that the $20 difference between the current market value of the apartment and the rent actually paid constituted unearned income for the purposes of determining the plaintiff's financial eligibility for SSI. Plaintiff had been receiving Social Security benefits at $185.80 a month, and when the $20 per month is added to her income, she becomes no longer eligible for SSI benefits. In a written decision dated April 6, 1979, an Administrative Law Judge (hereinafter "ALJ") found that the $20 per month in question did indeed constitute countable income. Accordingly, plaintiff was denied SSI benefits. The Appeals Council affirmed the ALJ's determination on May 29, 1979.

As a preliminary matter, the Court would note that plaintiff has conceded that this is

not an appropriate class action, and she has withdrawn her request for certification. Under the circumstances here, plaintiff's request that the class action claims be withdrawn will be granted. *See Shelton v. Pargo, Inc.,* 582 F.2d 1298 (4th Cir. 1978).

In her motion for summary judgment, plaintiff contends that the regulation in question, 20 C.F.R. § 416.1125(d), contravenes 42 U.S.C. § 1382a(a)(2).

20 C.F.R. § 416.1125(d) provides as follows:

(d) *Valuation of support and maintenance for individuals in household situations.* When an eligible individual (or eligible spouse) lives in a household (i. e., is not in an institution), the reduction in the payment standard described in paragraph (b) of this section is inapplicable, and the provisions of §§ 416.1185 (see paragraph (c)(3)) and 416.1190 do not apply, any support and maintenance received in kind but not received in lieu of cash wages (see § 404.429(c) of this chapter) is unearned income. In such cases effective with payments for December 1974, the maximum value of such support and maintenance is presumed to be that amount which, for an individual or a couple with no other income, would result in payment at two–thirds of the applicable payment standard; i. e., the value is presumed to be one–third of the payment standard, plus the exclusion applicable to unearned income. This presumption will be applied in determining the benefits payable unless it is rebutted by the individual's establishing that the current market value of such support and maintenance, less any payment he makes therefor, is lower than the presumed value. * *

42 U.S.C. § 1382a(a)(2) provides:

(a) For purposes of this subchapter, income means both earned income and unearned income; and—

(2) unearned income means all other income, including—

(A) support and maintenance furnished in cash or kind; except that in the case of any individual (and his eligible spouse, if any) living in another person's household and receiving support and maintenance in kind from such person, the dollar amounts otherwise applicable to such individual (and spouse) as specified in subsections (a) and (b) of section 1382 of this title shall be reduced by 33⅓ percent in lieu of including such support and maintenance in the unearned income of such individual (and spouse) as otherwise required by this subparagraph.

Plaintiff asserts that the SSI payments were intended to replace existing welfare programs and she argues that a long standing policy for all welfare programs under the Act has dictated that only income which is actually available to the claimant is countable. In support of this contention, plaintiff relies on *Van Lare v. Hurley,* 421 U.S. 338, 346, 95 S.Ct. 1741, 1747, 44 L.Ed.2d 208 (1975); *Lewis v. Martin,* 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970); *King v. Smith,* 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); *Green v. Barnes,* 485 F.2d 242 (10th Cir. 1973); *Kimmes v. Califano,* 472 F.Supp. 474 (D.Colo.1979); and *Gutierrez v. Butz,* 415 F.Supp. 827 (D.D.C. 1976). In the alternative, plaintiff argues that the Secretary is bound by provisions of her Claims Manual which, plaintiff claims, requires the exclusion of this sort of in kind income. The Claims Manual is a multi–volume manual used by Social Security Administration employees "in the development and adjudication of claims and in handling related matters."

A comparison of the statute with the challenged regulation leads this Court to the conclusion that the latter does not contravene the former. The regulation is not inconsistent with the terms of the statute but merely seeks to establish rules which would permit the Secretary to carry out the statutory provisions.

Plaintiff's challenge is essentially to the Secretary's interpretation of § 1382a(a)(2)(A). However, it is well established that a Court must follow the Secretary's interpretation of provisions of the Act unless there are compelling indications

that it is wrong. *New York State Department of Social Services v. Dublino*, 413 U.S. 405, 421, 93 S.Ct. 2507, 2516–17, 37 L.Ed.2d 688 (1973); *Red Lion Broadcasting Co. v. FCC*, 395 U.S. 367, 381, 89 S.Ct. 1794, 1801–02, 23 L.Ed.2d 371 (1969).

Plaintiff contends that in cases brought under the Social Security Act, only income actually available is countable. The cases cited do not support this argument in a case such as this one involving § 1382a(a)(2)(A). *Van Lare, Lewis, King* and *Green* all dealt with other provisions of the Act and with other regulations promulgated by the Secretary under the Act. Here the critical question is the meaning of the term "unearned income" in 42 U.S.C. § 1382a(a)(2), as interpreted by the Secretary in 20 C.F.R. § 416.1125(d). Under the statute, unearned income encompasses all income other than wages, including "support and maintenance furnished in cash or in kind." § 1382a(a)(2)(A). In the regulations, the value of in kind support and maintenance is calculated by reference to current market value. 20 C.F.R. § 416.1125(d).

When this regulation was modified in 1975, the following explanation was provided:

> In such situations, the maximum value of the in–kind support or maintenance will be presumed to be that amount which, for an individual with no other income, would reduce the applicable supplemental security income payment standard by one–third. The individual may rebut this presumption by establishing that the current market value of such support and maintenance, less any payment he makes therefor, is less than the presumed value. 40 Fed.Reg. 48,938 (1975).

■ This Court is satisfied that the regulation in question is reasonably related to the purposes of the enabling legislation and is therefore valid. *See Thorpe v. Housing Authority of the City of Durham*, 393 U.S. 268, 280–81, 89 S.Ct. 518, 525, 21 L.Ed.2d 474 (1969). The Ninth Circuit recently so held in *Antonioli v. Harris*, 624 F.2d 78 (9th Cir. July 11, 1980). As the Court said in that case (at p. 81):

This regulation is clearly "reasonably related to the purposes of the enabling legislation," *Thorpe v. Housing Authority of the City of Durham*, 393 U.S. 268, 280–81, 89 S.Ct. 518, 525, 21 L.Ed.2d 474 (1969), because it tends to equalize the status of SSI recipients who live in quarters owned by friends or relatives, paying little or no rent, and those who must obtain housing in the marketplace. *See Mourning v. Family Publications Service*, 411 U.S. 356, 369, 93 S.Ct. 1652, 1600, 36 L.Ed.2d 318 (1973); *National Welfare Rights Organization v. Mathews*, 533 F.2d 637, 645 (D.C. Cir.1976).

District Court opinions which have also concluded that § 416.1125(d) is a valid regulation are as follows: *Buschmann v. Harris*, Civil No. 78–622 (D.Ore., Order of April 16, 1980 approving Findings and Recommendations of a United States Magistrate) and *Wynn v. Harris*, 494 F.Supp. 878 (W.D. Tenn., 1980).

In moving for summary judgment, plaintiff has also relied on *Randall v. Goldmark*, 366 F.Supp. 947 (D.Mass.1973), *rev'd* 495 F.2d 356 (1st Cir.), *cert. denied*, 419 U.S. 879, 95 S.Ct. 144, 42 L.Ed.2d 119 (1974), and on *Kimmes v. Califano*, 472 F.Supp. 474 (D.Colo.1979). Although correctly noting that the *Randall* decision was later reversed by the First Circuit, plaintiff contends that this reversal was on jurisdictional grounds. A close reading of the First Circuit opinion does not support this contention. Besides finding jurisdictional deficiencies in the claim asserted by Mrs. Randall, the First Circuit noted that her claim must also fail on its merits. 495 F.2d at 361.

This Court finds the reasoning of the *Kimmes* case unpersuasive, and that ruling will not be followed in this case. Rather, this Court will follow the Ninth Circuit decision in *Antonioli, supra*, and the District Court decisions in *Buschmann, supra*, and *Wynn, supra*. As did those courts, this Court is satisfied that § 416.1125(d) is a valid regulation and that it was properly applied here.

Next, plaintiff contends that the Claims Manual is binding on the Secretary and that provisions of this Manual require a conclusion that plaintiff's rental subsidy is not countable unearned in kind income. Plaintiff relies on the following language contained in the Manual:

There may be situations where the landlord is charging less than the CMV [current market value] for reasons that are beneficial to the landlord. For instance, a landlord may decide to forego increasing the rent of a desirable tenant.

Further reliance is placed on certain illustrative examples contained in the Claims Manual.

After a review of the authorities cited by the parties, this Court is satisfied that plaintiff's second argument is likewise without merit. Unlike the formal regulations, the Claims Manual contains merely a set of instructions published and distributed to appropriate employees of the Social Security Administration. These instructions are not binding on the Secretary but merely seek to explain the application of 42 U.S.C. § 1382a(a)(2) and the pertinent regulations. *Brennan v. Ace Hardware Corporation*, 495 F.2d 368, 376 (8th Cir. 1974); *Concerned Residents of Buck Hill Falls v. Grant*, 537 F.2d 29, 38 (3rd Cir. 1976). The cases cited by the plaintiff in support of her second argument dealt with actual regulations which were admittedly binding on the agencies involved.

Even if provisions of the Claims Manual were considered to be regulations and hence binding on the Secretary, the portion of the Manual relied upon by the plaintiff would not in any event support her claim for relief in this case. The paragraph of § 12355(h)(2) of the Manual cited by the plaintiff is limited to business operations. In this case, plaintiff's son was hardly operating his apartment for profit when he rented it to his mother at a figure less than that which could be charged other tenants. Thus, even if the provision in question were a regulation, it would not require the Secretary to award plaintiff the SSI benefits claimed.

Finally, plaintiff requests in the alternative that this Court remand this case to the Secretary for a reconsideration of her claim in accordance with the Claims Manual. On the record here, no remand is warranted. This Court is satisfied that the Secretary properly applied the statute and the regulations to the particular facts of this case. No good cause has therefore been shown for a remand.

Accordingly, it is this 19th day of November, 1980, by the United States District Court for the District of Maryland,

ORDERED:

1. That the plaintiff's motion for summary judgment or, in the alternative, for remand, be and the same is hereby denied;

2. That the Secretary's motion for summary judgment be and the same is hereby granted; and

3. That Judgment is hereby entered in favor of the defendant.