Isidore WEISS, Plaintiff,

v.

Richard SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. 81 Civ. 3513(MP).

United States District Court, S. D. New York.

Aug. 4, 1981.

Isidore Weiss, pro se.

John S. Martin, Jr., U. S. Atty., S. D. N. Y., New York City, for defendant by Susan Campbell, Asst. U. S. Atty., New York City.

## MEMORANDUM

MILTON POLLACK, District Judge.

In this action brought under sections 1631(c)(3) and 205(g) of the Social Security Act, as amended (hereinafter "the Act"), 42 U.S.C. §§ 1383(c)(3) and 405(g), plaintiff seeks review of a final determination of the Secretary of Health and Human Services (hereinafter "the Secretary"), which reduced plaintiff's monthly Supplemental Security Income benefits by $83.13 per month because he is living rent-free in his brother's apartment.

*Prior Proceedings*

Plaintiff became entitled to Supplemental Security Income based upon an application filed on January 13, 1976. Thereafter, he filed a statement for determining continuing eligibility for Supplemental Security Income ("SSI") benefits on June 6, 1978.

This resulted in a decision to reduce plaintiff's benefit payments effective that month which was upheld on reconsideration. Plaintiff requested a hearing which was held on March 19, 1979. The Administrative Law Judge before whom plaintiff appeared considered the case *de novo* and, on April 4, 1979, found that plaintiff's benefits had been properly reduced due to the presumed receipt of $83.13 per month in lieu of the fair market value of his share of the apartment in which he resides rent-free. The decision of the Administrative Law Judge became the final decision of the Secretary when it was approved by the Appeals Council on December 14, 1979.

The matter was remanded to the Secretary by this Court when it was found that a transcript of the administrative hearing could not be prepared. A *de novo* hearing was held on December 8, 1980, following which the Administrative Law Judge ("ALJ") issued his recommended decision. On April 9, 1981, the Appeals Council adopted the ALJ's findings and conclusions, and issued a decision holding that the correct amount of the SSI payment was $19.42 per month. (The calculation of benefits is set forth in the addendum).

*Issue Presented*

The facts are undisputed. Petitioner is an aged individual, eligible for Supplementary Security Income, who resides in his brother's apartment. Plaintiff purchases and prepares his own food, but does not contribute to the monthly rent, which was $296.21 in June 1978. The only issue presented is whether the Secretary's decision that plaintiff was receiving chargeable unearned income in the form of a rent-free apartment is consistent with the Act and the intent of Congress, or whether it constitutes a taking of property without due process of law.

*Discussion*

The 1972 Amendments to the Social Security Act established the Supplementary Security Income Program, a new assistance program administered and funded by the federal government for needy aged, blind and disabled people. Pub.L.No.92–603, 42 U.S.C. §§ 1381 *et seq.* The new program,

effective January 1, 1974, replaced the jointly financed and state-administered categorical assistance program (Titles I, X, and XIV). H.R.Rep.No.92–231, 92d Cong., 2d Sess. (1972), reprinted in [1972] U.S.Code Cong. & Admin.News 4989, 5133.

In order to be eligible for SSI benefits, an individual must be aged, blind, or disabled, and have income and resources which are not in excess of statutorily prescribed amounts. 42 U.S.C. § 1382(a). If an individual otherwise eligible for SSI has earned or unearned income, his benefit payment is reduced by that income less certain exclusions. 42 U.S.C. § 1382(b)(1). Section 1612(a)(2) of the statute defines "unearned income" as including:

(A) support and maintenance furnished in cash or kind; except that in the case of any individual (and his eligible spouse, if any) living in another person's household and receiving support and maintenance in kind from such person, the dollar amounts otherwise applicable to such individual (and spouse) as specified in subsections (a) and (b) of section 1382 of this title shall be reduced by 33⅓ percent in lieu of including such support and maintenance in the unearned income of such individual (and spouse) as otherwise required by this subparagraph; 42 U.S.C. § 1382a(a)(2).

The regulations interpreting this section provide that "support and maintenance in kind encompasses food, clothing, and shelter or any portion of any or all of such items." 20 C.F.R. § 416.1125(a). The regulations further provide that the *statutory* one-third reduction in benefits in lieu of an actual estimation of *unearned income* shall apply only where the "eligible individual lives in another person's household . . . and receives in-kind support and maintenance in the form of food *and* shelter . . ." 20 C.F.R. § 416.1125(b)(i) (emphasis in original). Where the eligible individual "lives in another person's household and receives in-kind support and maintenance from that other person in the form of food only or shelter only, but not both," then the regulations "presume" the value to be one-third of the basic entitlement. This *presumptive* one-third reduction in benefits merely es-

tablishes a maximum reduction, however, which may be rebutted by evidence of a lower actual current market value. 20 C.F.R. § 416.1125(c)(1) and (d). *See Antonioli v. Harris*, 624 F.2d 78 (9th Cir. 1980); *Wynn v. Harris*, 494 F.Supp. 878 (W.D. Tenn.1980).

■ In objecting to the Secretary's decision, plaintiff claims that only the Secretary's regulations, and not the Act itself, defines unearned income to include the value of shelter, such as is here enjoyed by plaintiff living "rent-free" with his brother; and further, that the deduction of the value of his rent-free accommodations represents an unconstitutional taking. Both arguments are meritless as a matter of law.

■ Although the Act does not specifically state that food or shelter is to be included as unearned income, the clear and common meaning of the phrase "support and maintenance," as used in the Act, 42 U.S.C. § 1382a(a)(2)(A), clearly suggests that this was Congress' intent. The legislative history of 42 U.S.C. § 1381 *et seq.* further supports this conclusion. That history confirms that it was Congress' intent that benefits be paid only to the extent a claimant's minimum income level is not met from other sources. H.R.Rep.No.92–231, 92d Cong., 2d Sess. (1972), reprinted in [1972] U.S.Code Cong. & Admin.News 4989, 5135–36. This is further buttressed by the comprehensive manner in which deductible income is defined to include all types of income—earned, unearned, cash and in-kind. S.Rep.No.95–573, 95th Cong., 1st Sess. at 44 (1977). A further indicia of legislative intent is the requirement that individuals take all appropriate steps to obtain any other payment for which they might be eligible. H.R.Rep.No.92–231, *supra*. Finally, and most significantly, the House Report on the legislation states that "the value of room and board, regardless of whether any payment was made for room and board, shall be assumed to be equal to one-third of the applicable payment standard." *Id.* at 5138. *See also* H.R.Con.Rep. No.93–1407, 93d Cong., 2d Sess. (1974), reprinted in [1974] U.S.Code Cong. & Admin. News 5992, 5996 ("[A]ll forms of income—including room and board furnished for less

than cost—are used to reduce the amount of benefits payable").

In light of the clear language of the statute itself and of the accompanying legislative history, this Court finds the challenged regulations "reasonably related to the purposes of the enabling legislation under which it was promulgated", *Thorpe v. Housing Authority of the City of Durham*, 393 U.S. 268, 280–81, 89 S.Ct. 518, 525, 21 L.Ed.2d 474 (1969), and the Secretary's interpretation of the statute deserving of deference. *McMahon v. Califano*, 605 F.2d 49, 53 (2d Cir. 1979). *Accord Antonioli v. Harris, supra; Wynn v. Harris, supra.* The Secretary's decision is consequently affirmed.

SO ORDERED.

### ADDENDUM

The SSI payment of $19.42 per month was calculated as follows:

| | |
|---|---|
| $167.70 | Retirement Insurance Benefits |
| 83.13 | Value of Rent-free accommodations (one-third of federal rate plus $20.00 exclusion) *See* 20 C.F.R. § 416.1125(d) |
| $250.83 | Gross Unearned Income |
| 20.00 | Exclusion *See* 20 C.F.R. § 416.1165 |
| $230.83 | Net Unearned Income |
| $250.25 | SSI rates as of July 1978 (State and Federal) |
| $230.83 | Net Unearned Income |
| $ 19.42 | Monthly SSI payment |