**Joseph A. CALIFANO, Jr., Secretary of the Department of Health, Education and Welfare, Defendant-Appellant,**

v.

**Ella HEINOL, Plaintiff-Appellee.**

No. 77–1552.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 20, 1978.

Decided May 15, 1978.

Robert Varnum, Dept. of HEW, Washington, D. C., for defendant-appellant.

Murray B. Woolley, Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, CUMMINGS and TONE, Circuit Judges.

PER CURIAM.

Plaintiff, Ella Heinol, filed this suit in November 1975 to review defendant Secretary of Health, Education and Welfare's denial of her application for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act (42 U.S.C. § 1381 *et seq.*). The essence of her claim is that because she lived in a house owned (but not occupied by) her sons, she was an "individual * * * living in another person's household and receiving support and maintenance in kind from such person" and therefore was entitled as an aged individual to receive SSI benefits computed under 42

U.S.C. § 1382a(a)(2)(A)(i) *infra.* Mrs. Heinol died in June 1976 and a month later her son Alois was granted leave to substitute himself as party plaintiff in his capacity as personal representative of his mother's estate.[1] The SSI program of the Social Security System was established to assure a minimum level of income for aged, blind or disabled persons who have insufficient resources to maintain a minimum income level standard of living.

Mrs. Heinol's application for SSI benefits based on age was filed with the Social Security Administration in February 1974. She was then admittedly receiving $135 per month in cash from her sons, $58 per month in social security benefits, and the rental value of the house, owned by her sons and in which she lived, was $200 per month, so that her total income per year was $4,716. This exceeded the statutory maximum allowance permitted,[2] and therefore these benefits were disallowed on April 10, 1974. Upon reconsideration, the application was again denied on May 7, 1974. On February 20, 1975, Mrs. Heinol requested an administrative hearing. On the next day, the defendant mistakenly notified her that she was eligible for SSI benefits retroactive to October 1974, and shortly afterward she began receiving such benefits at the rate of $52.94 per month, for a total of $1,862.55.[3]

On April 23, 1975, the hearing examiner found Mrs. Heinol ineligible for SSI old age benefits, and the Appeals Council upheld his decision on September 18, 1975, thus prompting the present suit. On October 20, 1976, the district court granted summary judgment for the plaintiff and held that Mrs. Heinol had been eligible for the re-

quested SSI benefits subject to the ⅓ reduction provided in 42 U.S.C. § 1382a(a)(2)(A)(i), which provides as follows:

"(a) For purposes of this title, income means both earned income and unearned income; and—(2) unearned income means all other income, including—

"(A) support and maintenance furnished in cash or kind; except that (i) in the case of any individual * * * living in another person's household and receiving support and maintenance in kind from such person, the dollar amounts otherwise applicable to such individual [referring to the maximum income and resources per calendar year and, correspondingly, to the maximum amount of benefits] shall be reduced by 33⅓ percent in lieu of including such support and maintenance in the unearned income of such individual * * * as otherwise required by this subparagraph * * *."

Defendant appealed; we reverse the October 20 order.

Mrs. Heinol was supported by her two sons who provided her with a home in which to live and gave her money to meet her living expenses. They did not live with her nor provide her with food. The house was held in a land trust and was their property. Plaintiff does not dispute that the rental value of the house was $200 per month, the monthly cash gifts from the sons were approximately $135 per month and her monthly social security check was approximately $58. The district court held that the alternative method of computing an individual's income under the above stat-

---

1. The Government did not oppose the substitution until after summary judgment was granted to plaintiff. If Alois Heinol is not in fact the duly appointed personal representative of his mother's estate, the case became moot upon her death (as we noted at the oral argument) because under 42 U.S.C. § 1383(b) and 20 CFR 416.542(b) he could not receive her SSI benefits and, not being her true personal representative, of course could not be required to repay any SSI benefits she improperly received. Since the status of her estate, if any, is not of record, we have chosen to address the merits rather than delay this matter further.

2. During the first half of 1974, the statutory maximum was $1,680 per year. From July 1, 1974, to June 30, 1975, it increased to $1,752 per year, with additional increases thereafter.

3. In July 1976, plaintiff received notice that his mother was not entitled to those benefits and that the Department would seek repayment. That question was not dealt with in the district court's October 20, 1976, memorandum opinion and order but was the subject of a later order discussed *infra.*

utory Section was applicable on the ground that Mrs. Heinol was an "individual * * living in another person's household and receiving support and maintenance in kind from such person." We cannot agree because she was not "living in another person's household" as required by the statute. She may have been living in her own household but she was not living in the household of another because she was not living with either son in his household. This conclusion is in accord with the applicable regulation of the Secretary which defines a household as one or more individuals living as a family unit in a single place of abode. 20 CFR 416.1003(b). There has been no showing that this regulation is arbitrary, capricious or an abuse of discretion and therefore deference is due. *Mourning v. Family Publications Service*, 411 U.S. 356, 369, 93 S.Ct. 1652, 36 L.Ed.2d 318; *Kupiec v. Republic Federal Saving & Loan Association*, 512 F.2d 147, 151 (7th Cir. 1975).

We also cannot agree with the district court's conclusion that Mrs. Heinol was "receiving support and maintenance in kind" from her sons. The Social Security Administration has defined "support and maintenance" as including shelter and food.[4] Here Mrs. Heinol was receiving shelter from her sons but was not being provided with food and therefore her status does not satisfy the second condition in the above statute.

To support its conclusion, the district court resorted to the statutory provision excluding from unearned income of an SSI benefit applicant what would otherwise be unearned income provided by a retirement home.[5] Since Congress limited this provision to persons residing in nonprofit retirement homes or similar nonprofit institutions, it was an inappropriate analogy to Mrs. Heinol's situation.

Under a November 1975 regulation, persons living in their own household and receiving support and maintenance in kind are now treated as persons living in the household of another and receiving such support and maintenance. 20 CFR 416.1125(d)(2). Even if this regulation were applied to the present case, Mrs. Heinol would not have been eligible for SSI benefits since her annual income still exceeded the statutory maximum allowance. Indeed, even if the rental value of the house was not included in her income under Section 1382a(a)(2)(A)(i), the monthly cash gifts and social security benefits she received alone constituted sufficient income to exceed the statutory maximum allowance.

In a subsequent memorandum opinion and order of February 10, 1977, the district court refused to grant defendant relief under Federal Rule 60(b) of the Federal Rules of Civil Procedure with respect to its earlier judgment after the Government belatedly attacked the substitution of Alois Heinol for his late mother. Judge McGarr held the case had not become moot because:

"This court undertook a proper exercise of jurisdiction in this case when the claimant herself initiated this action. The determination of the merits of this cause of action embraced more than the conclusion that benefit payments were due and owing to the claimant; the determination that the claimant was eligible for benefits also included a determination that payments made to her were not overpayments."

The court then concluded that although the statute (42 U.S.C. § 1383(b)) bars recovery by the claimant's estate, its prior judgment "was and is intended to be a permanent bar against the assertion by HEW [the Department of Health, Education and Welfare] of any claim for overpayment."

---

4. See the Social Security Administration's Supplemental Security Income Claims Manual, CM Part 12349.3.

5. 42 U.S.C. § 1382a(a)(2)(A)(ii) provides in pertinent part:

"in the case of any individual or his eligible spouse who resides in a nonprofit retirement home or similar nonprofit institution, support and maintenance shall not be included [in unearned income] to the extent that it is furnished to such individual or such spouse without such institution receiving payment therefor * * *."

Defendant's notice of appeal encompassed the February 10 order as well as the earlier order. However, its brief expressly discusses only the merits of the earlier order; consequently defendant may have decided to waive the question of his claim for overpayment. We know of no reason why that claim should be barred against a proper representative of Mrs. Heinol's estate. Therefore the February 10 order must be vacated so that the Secretary may assert his claim for repayment in an appropriate proceeding if he wishes to do so.

The district court's October 20, 1976, decision granting summary judgment in favor of plaintiff is reversed. Its February 10, 1977, order is vacated, and the cause is remanded for further proceedings consistent herewith.