**John ANTONIOLI, Plaintiff-Appellant,**

v.

**Patricia Roberts HARRIS, Secretary of Health, Education and Welfare, Defendant-Appellee.**

No. 78–1841.

United States Court of Appeals, Ninth Circuit.

July 11, 1980.

Rehearing Denied Aug. 12, 1980.

John Wm. Cumming, Eureka, Cal., argued, for plaintiff-appellant.

Barbara Parker, Asst. U. S. Atty., San Francisco, Cal., on brief, for defendant-appellee.

Before ANDERSON, ALARCON and POOLE, Circuit Judges.

POOLE, Circuit Judge:

Appellant Antonioli, a recipient of Supplemental Security Income (SSI), sued in district court for review of a final decision of the Secretary of Health, Education and Welfare (the Secretary) decreasing his benefits. The district court granted summary judgment for the Secretary and Antonioli appealed. The issue before us is the correctness of the Secretary's determination that the difference between the rental val-

ue of the residence where appellant lived without paying rent, and the property tax expenses he incurred, constituted unearned income. We find that the Secretary's decision was a reasonable construction of the enabling legislation, based on a valid regulation appropriately applied, and thus we affirm.

The SSI program, 42 U.S.C. §§ 1381–1383, guarantees a minimum, subsistence-level income to the aged, blind and disabled. See S.Rep.No.92–1230, 92d Cong., 2d Sess., 383, 387 (1972), U.S.Code Cong. & Admin. News 1972, p. 4989. Otherwise eligible persons may not have income or resources[1] in excess of statutory limits. § 1382(a). The basic entitlement, a flat rate governed by statutory formula, is paid to every eligible individual, § 1381a, but is reduced by the amount of "countable" income that individual receives. § 1382(b). In defining countable income, the statute includes earned and unearned income, in cash or in kind, § 1382a(a), although certain narrow categories of income are excluded. § 1382a(b).

Appellant received the full SSI basic entitlement until 1976 when the Social Security Administration learned the facts of his housing situation. He resided alone in a house owned by his father for which he paid no rent and in which he had no ownership interest. He had, however, assumed responsibility for payment of property taxes and expenses of maintenance. The Secretary concluded that the excess of the rental value of the house over his contribution to taxes constituted in-kind support from his father in the form of a rent subsidy. The amount of in-kind support was calculated by subtracting the average property tax payment of $24.80 per month from the current market rental value of the residence, $75.00 per month. Appellant's SSI benefits for September and October 1976,[2] only, were decreased by an amount equivalent to this unearned income. Appellant chal-

---

1. "Resources" are defined to include most assets, but property essential to self-support, including an individual's home, is exempted from the statutory calculation. § 1382b.

2. The reduction was first effective in September 1976. In October, appellant inherited his father's ownership interest in the house, which thereupon became a "resource" excluded from calculation of benefits. § 1382b(a)(1).

lenges the diminution in his payments on the grounds that the above circumstances did not constitute income and that the Secretary incorrectly interpreted the statute.

The statute requires that income, broadly defined to include earned and unearned income, be deducted from the basic entitlement of eligible persons. The Secretary's regulations implementing the statute, 20 C.F.R., Part 416, further define income to mean "the receipt by an individual of any property or service which he can apply, either directly or by sale or conversion, to meeting his basic needs for food, clothing, and shelter." 20 C.F.R. § 416.1102(a). Under the statute, unearned income encompasses all income other than wages, including "support and maintenance furnished in cash or in kind." § 1382a(a)(2)(A). The value of in-kind support and maintenance is calculated by reference to current market value. 20 C.F.R. § 416.1125(a).

Since appraisal of the current market value of food or shelter can seldom be calculated with precision, the statute provides that where an SSI recipient lives in another's household and receives support and maintenance in kind from that person, there will be a one-third reduction in benefits in lieu of an actual estimation of the unearned income. § 1382a(a)(2)(A). The statutory one-third reduction does not apply unless the recipient receives both support and maintenance, nor does it apply if he resides in his own household. As a practical way of calculating the value of unearned income in situations not covered by the statutory reduction, the regulations presume value to be one-third of the basic entitlement, but this presumption may be rebutted by evidence of actual market value. 20 C.F.R. § 416.1125(d).

Appellant argues that because his household was separate from his father's, the Secretary improperly applied the statutory one-third reduction to him. Apparently, there was some confusion in prior proceedings as to which method of decreasing benefits was being applied: mandatory one-third reduction or the rebuttable presumption of the value of in-kind support. Notwithstanding language in the opinions of the Administrative Law Judge and of the district court, the mandatory one-third reduction was not applicable to appellant, *Califano v. Heinol*, 576 F.2d 112 (7th Cir. 1978), and furthermore was not actually utilized. Appellant's payments were not in fact diminished by one-third as required by the statute, but were instead reduced by the estimated value of in-kind support, pursuant to the general provision of 42 U.S.C. § 1382a(a)(2)(A).

■ The crux of appellant's challenge to the decrease in benefits is that he did not have any unearned income. We disagree. Although appellant assumed some financial obligations, he did not pay rent to his father. He thus fared better and had more resources available than an SSI recipient forced to locate and finance housing in the open market.[3] When Congress defined unearned income as "support and maintenance furnished in cash or in kind," § 1382a(a)(2)(A), it contemplated that a reduced entitlement would be paid to those whose essential needs were being satisfied by other means. Appellant's father supplied shelter in the form of reduced rent. See *Califano v. Heinol, supra* (fair market rental value of house in which claimant lived rent-free included in figuring her income). The Secretary's finding of unearned income was therefore reasonable.

For appraising the monetary value of such unearned income, the Secretary promulgated regulation § 416.1125(d). When this regulation was modified in 1975, the following explanation was provided:

"In such situations, the maximum value of the in-kind support or maintenance will be presumed to be that amount which, for an individual with no other

---

**3.** Appellant argues that applying a fair market value standard deprives him of the benefit of his bargain in acquiring inexpensive housing. But such a bargain cannot be assumed in a father-son relationship. Unearned income presumably would not arise, however, as a consequence of an SSI recipient's having negotiated rent at less than market value in an arm's length transaction.

income, would reduce the applicable supplemental security income payment standard by one-third. The individual may rebut this presumption by establishing that the current market value of such support and maintenance, less any payment he makes therefor, is less than the presumed value." 40 Fed.Reg. 48,938 (1975).

This regulation is clearly "reasonably related to the purposes of the enabling legislation," *Thorpe v. Housing Authority of the City of Durham*, 393 U.S. 268, 280–81, 89 S.Ct. 518, 525, 21 L.Ed.2d 474 (1969), because it tends to equalize the status of SSI recipients who live in quarters owned by friends or relatives, paying little or no rent, and those who must obtain housing in the marketplace. See *Mourning v. Family Publications Service*, 411 U.S. 356, 369, 93 S.Ct. 1652, 1600, 36 L.Ed.2d 318 (1973); *National Welfare Rights Organization v. Mathews*, 533 F.2d 637, 645 (D.C. Cir. 1976).

We find no basis for concluding that assessment of in-kind support on the basis of fair market value frustrates the purpose of the statute or is arbitrary or capricious. The Supreme Court has stated in *Mourning v. Family Publications Service, supra*, 411 U.S. at 371–72, 93 S.Ct. at 1662, that "where reasonable minds may differ as to which of several remedial measures should be chosen, courts should defer to the informed experience and judgment of the agency to whom Congress delegated appropriate authority." The Secretary's decision regarding the appropriate method of valuing in-kind support is entitled to such deference.

The judgment below is affirmed.