Myrtie **HERNDON,** Plaintiff-Appellant,

v.

Richard **SCHWEIKER,** Secretary of Health and Human Services, Defendant-Appellee.

No. 81–4052.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 1982.

Decided July 2, 1982.

Deborah J. Baldwin, Senior Citizens Law Project, Cal. Rural Legal Assistance, Modesto, Cal., for plaintiff-appellant.

Alan M. Grochal, U. S. Dept. of Health & Human Services, Baltimore, Md., for defendant-appellee.

Before FARRIS, FERGUSON, and NELSON, Circuit Judges.

NELSON, Circuit Judge:

Appellant seeks reversal of the decision of the district court denying restoration of her Supplemental Security Income (SSI) benefit levels. We affirm.

The facts are undisputed. Appellant had established her own household in a residence owned by one of her children, and paid less than fair market value in rent. The Secretary of Health and Human Services determined that the difference between the rent paid and the fair market value constituted in-kind income, and therefore reduced appellant's SSI benefits in accordance with regulations promulgated under Title XVI of the Social Security Act (SSA), §§ 1601–1634, 42 U.S.C. §§ 1381–1383c (1976). The reduction was limited, under the regulations, to one-third of appellant's

prior benefit level, although the rent differential was greater than that amount.

 Appellant first argues that the difference between rent paid and fair market value should not constitute income under 42 U.S.C. § 1382b (1976). The Ninth Circuit has already approved the Secretary's practice of attributing in-kind income to persons paying reduced rent. *Antonioli v. Harris,* 624 F.2d 78 (9th Cir. 1980). Appellant has failed to distinguish this case from her own. We find the imputation of income in rental situations to be consistent with the purpose of the SSA. *Usher v. Schweiker,* 666 F.2d 652, 657–58 (1st Cir. 1981). And we also agree with the *Usher* court that this imputed income is "actually available" within the meaning of the "longstanding welfare policy that 'only such income as is *actually available* for current use on a regular basis will be counted in determining a welfare claimant's income.' *See* 45 C.F.R. § 233.-20(a)(iii)(c)." 666 F.2d at 655.

 Appellant argues further that the application of the presumed value rule of 20 C.F.R. § 416.1125(d) (1980) is arbitrary, capricious, and an abuse of discretion. We disagree. The presumed value rule of section 416.1125(d) provides that any support and maintenance received in kind is unearned income and reduces the amount of benefits, but the "maximum value of such support and maintenance is presumed to be that amount which ... would result in payment [of benefits] at two-thirds of [the maximum benefit level]." The presumed value rule is merely a rational attempt to limit the reduction in benefits attributable to in-kind income.

 Finally, we find no merit in appellant's contention that her equal protection rights under the fifth amendment due process clause were violated. *See Usher v. Schweiker,* 666 F.2d at 661. We agree with the *Usher* court that "[a] legislature may address a problem 'one step at a time' ... *Williamson v. Lee Optical Co.,* 348 U.S. 483,

---

* Pursuant to Fed.R.App.P. 43, we substitute the name Richard S. Schweiker, successor to the original appellee, Joseph Califano, as Secretary

489 [75 S.Ct. 461, 465, 99 L.Ed. 563] (1955)." *Usher,* 666 F.2d at 661 (quoting *Jefferson v. Hackney,* 406 U.S. 535, 546–47, 92 S.Ct. 1724, 1731, 32 L.Ed.2d 285, 296 (1972)). Although we may believe that some inequities are caused by such step-wise action, they must be redressed by Congress.

AFFIRMED.

FARRIS, Circuit Judge, concurring:

I concur for the reasons stated in my concurrence in *Young v. Schweiker,* 680 F.2d 680 (9th Cir. 1982).