### Cotella BLOODSAW

v.

### Louis W. SULLIVAN, M.D., Secretary of Health and Human Services.

### Civ. A. No. 90–6977.

United States District Court,
E.D. Pennsylvania.

Jan. 24, 1992.

Catherine C. Carr, Community Legal Services, Inc., Philadelphia, Pa., for plaintiff.

Lois W. Davis, Asst. U.S. Atty., Dorothea J. Lundelius, Special Asst. U.S. Atty., Health & Human Svcs. Region III, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUTTON, District Judge.

This is an action pursuant to 42 U.S.C. §§ 405(g) and 1883(c)(3) to review a final decision of the Secretary of Health and Human Services (the "Secretary") who reduced plaintiff's supplemental security income ("SSI") payments. The parties have filed cross-motions for summary judgment. On December 10, 1991, Chief U.S. Magistrate Judge Tullio Gene Leomporra filed his Report and Recommendation concluding that summary judgment should be granted in favor of the Secretary. The plaintiff has filed objections to the Report and Recommendation. For the following reasons, the Report and Recommendation will be APPROVED and ADOPTED.

## BACKGROUND

Plaintiff filed an application for SSI benefits on March 10, 1987, and was found to be disabled by the Secretary on August 11, 1988. The Secretary was then required to consider, based on the plaintiff's income, whether she was eligible for benefits and if so, in what amount. Under the regulations anything a person receives that can be used to meet his or her needs for food, clothing, or shelter can be income. Income that is not received as cash is referred to in the Code as in-kind income.[1] Such income

---

1. In-kind income is defined in the C.F.R. as follows:

can be either earned or unearned. 20 C.F.R. § 416.1104.

In his Report and Recommendation the Magistrate Judge found that the Secretary applied 20 C.F.R. § 416.1140 in determining that the plaintiff was receiving in-kind support because she lived in a house owned by her son and paid him rent which was less than the fair market rental value of the property. The Report and Recommendation rejects the plaintiff's argument that her son actually pays nothing for her shelter since the rent he charges the plaintiff is offset by his expenses. Thus, plaintiff argues, she meets an exception to the rule under § 416.1140(a)(2)(ii) since the "actual amount someone else pays" for her shelter is not only lower than the presumed value, but amounts to zero and, thus her benefits should not be reduced by any amount.

In rejecting the plaintiff's argument, the Magistrate Judge noted that the Third Circuit and three other circuit courts have upheld the application of the presumed value rule to situations where SSI recipients were living in separate dwellings owned by relatives for which the claimants paid less than the fair market rent. (Report and Recommendation at 7) (citing *Nunemaker v. Sec. HEW USA*, 679 F.2d 328 (3d Cir. 1982); *Usher v. Schweiker*, 666 F.2d 652 (1st Cir.1981); *Kimmes v. Harris*, 647 F.2d 1028 (10th Cir.1980), *cert. denied*, 454 U.S. 898, 102 S.Ct. 400, 70 L.Ed.2d 214 (1981); *Antonioli v. Harris*, 624 F.2d 78 (9th Cir. 1980)). The Magistrate Judge noted that in each of these cases rent below the fair market rent of a property was found to be in-kind support for SSI purposes.

In the present Objections to the Report and Recommendation, the plaintiff argues that the cases relied upon by the Magistrate Judge deal with a superseded regulation. The four cases cited in the Report and Recommendation deal with 20 C.F.R.

§ 416.1125 (1980) which was superseded by § 416.1140. Plaintiff argues that § 416.-1125 did not provide the exception now contained in § 416.1140(a)(2)(ii). Thus, plaintiff argues that the issue is one of first impression in this circuit. The Secretary maintains that the interpretation of 20 C.F.R. § 416.1140(a)(2)(ii) is reasonable and is entitled to deference.

## DISCUSSION

In the Third Circuit case, *Nunemaker v. Sec. HEW USA*, 679 F.2d at 328, the SSI recipient was living in a mobile home owned by her daughter for which she paid $50.00 a month. The Secretary determined that the fair rental value of the dwelling was $150.00 per month. The accuracy of the fair rental value was not disputed. The Secretary determine the claimant received a rental subsidy of $100.00 per month. The Secretary reduced the claimant's benefits.

*Nunemaker* dealt with 20 C.F.R. § 416.-1125(d) (1980). Section 416.1125(d) provided in relevant part:

(d) Valuation of support and maintenance for individuals in household situations. When an eligible individual ... lives in a household (i.e., is not in an institution) ... any support and maintenance received in kind but not received in lieu of cash wages ... is unearned income. In such cases effective with payments for December 1974, the maximum value of such support and maintenance is presumed to be at two-thirds of the applicable payment standard; i.e., the value is presumed to be one-third of the payment standard.... This presumption will be applied in determining the benefits unless it is rebutted by the individual's establishing that the current market value of such support and maintenance, less any payment he makes therefor, is lower

---

*How we define in-kind support and maintenance.* In-kind support and maintenance means any food, clothing, or shelter that is given to you or that you receive because someone else pays for it. Shelter includes room, rent, mortgage payments, real property taxes, heating fuel, gas, electricity, water, sewerage, and garbage collection services. You

are not receiving in-kind support and maintenance in the form of room or rent if you are paying the amount charged under a business arrangement. A business arrangement exists when the amount of monthly rent required to be paid equals the current market rental value....
20 C.F.R. § 416.1130(b).

than the presumed value. This rule will apply in the following circumstances:

\* \* \* \* \* \*

(2) When an eligible individual ... lives in his own household, including a commercial establishment, and receives support and maintenance in kind.

*Nunemaker,* 679 F.2d at 329 n. 1. *Usher v. Schweiker,* 666 F.2d at 652; *Kimmes v. Harris,* 647 F.2d at 1028; and *Antonioli v. Harris,* 624 F.2d at 78, also dealt with this provision.

This section was superseded by amendment on July 22, 1987. The current version of 20 C.F.R. § 416.1140 contains the following relevant exception to the presumed value rule:

(2) The presumed value rule allows you [the recipient] to show that your in-kind support and maintenance is not equal to the presumed value. We will not use the presumed value if you show us that—

(ii) The actual amount someone else pays for food, clothing, or shelter is lower than the presumed value.

20 C.F.R. § 416.1140(a)(2)(ii). Thus, the plaintiff is correct in stating that the four cases cited in the Report and Recommendation do not deal with the 20 C.F.R. § 416.-1140.[2]

In *Monongahela Valley Hosp., Inc. v. Sullivan,* 945 F.2d 576 (3d Cir.1991), the Third Circuit noted:

we have observed that "[t]he Supreme Court has made clear that courts must defer to an agency's consistent interpretation of its own regulation unless it is 'plainly erroneous or inconsistent with the regulation.'" *Director, Office of Workers' Compensation Programs, United States Dept. of Labor v. Mangifest,* 826 F.2d 1318, 1323 (3d Cir.1987) (*quoting [Bowles v.] Seminale Rock & Sand Co.,* 325 U.S. [410] at 415, 65 S.Ct. [1215] at 1217 [89 L.Ed. 1700] ); *see also Bonessa v. United States Steel Corp.,* 884 F.2d 726, 731–32 (3d Cir.1989) (noting that this Circuit in *Mangifest* "acknowl-

edged the Supreme Court's mandate that courts must defer to an agency's consistent interpretation of its own regulations"); *Presinzano v. Hoffman–La Roche, Inc.,* 726 F.2d 105, 111 (3d Cir. 1984) ("[A]n agency's interpretation of its own regulation is owned considerable deference).

*Id.* at 591. This Court will not disturb the Secretary's interpretation of 20 C.F.R. § 416.1140(a)(2)(ii) unless the interpretation is plainly erroneous or inconsistent with the regulation.

In this case, the Secretary's interpretation of 20 C.F.R. § 416.1140(a)(2)(ii) is not plainly erroneous or inconsistent with the regulation. The Magistrate Judge found that the plaintiff's son was not making a payment on his mother's behalf to a third-party. Thus, the Report and Recommendation agreed with the Secretary's finding that "a plaintiff's in-kind income in a reduced rent situation is based upon the fair rental market value of the property minus what the person pays in rent. Whether or not the rent covers the costs of the landlord to own or maintain the premises is irrelevant since the SSI recipient is still obtaining the benefit of living in a property for less than the fair market rental value." (Report and Recommendation at 9–10).

This interpretation of subsection 416.-1140(a)(2)(ii) is reasonable in light of the intent of the Congress. In-kind income reductions are intended to reduce an SSI recipient's income if the recipient receives room and board for "less than cost":

Under the SSI program ... all forms of income—*including room and board furnished for less than cost*—are used to reduce the amount of benefits payable.

*Nunemaker* at 332. H.R.Conf.Rep. No. 93–1407, 93d Cong., 2d Sess. 3, reprinted in 1974 U.S.Code Cong. and Admin.News 5992, 5995, 5996 (emphasis added). Although the Code of Federal Regulations has been amended, there is no evidence that the intent of the Congress in this

---

**2.** The Magistrate Judge noted this stating: Since the *Nunemaker* decision, the presumed value rule in 20 C.F.R. § 416.1125(d) has been modified, but is substantially the same rule as

the up-dated presumed value rule in 20 C.F.R. § 416.1140, which was applied in this case. (Report and Recommendation at 8 n. 10).

regard has changed. Thus, the Secretary's interpretation is consistent with the Congressional intent. Accordingly, the Magistrate Judge's Report and Recommendation will be approved and adopted.